### No. 99
### AMAZON RUBBER CO. v. MOREWOOD REALTY CO.
Ohio Supreme Court
No. 18020. Filed June, 1923; decided Jan. 29, 1924

The official syllabus of this case was published in last week's Abstract, 2 Abs. 160.

677. JOURNAL ENTRY—Where the trial court's judgment is reduced to a journal entry. signed by the court and counsel for both parties, it becomes an entry of the judgment when it is filed with the clerk and not when it is spread on the journal.

Proceedings in error must be commenced within 70 days after the date of the filing. But a stranger to the record, such as a bona fide purchaser without notice, is not bound by an approved and filed entry until the same is actually spread upon the journal.

JONES, J.

#### Epitomized Opinion
First Publication of this Opinion

The Realty Co. recovered a verdict against the Rubber Co. in Summit Common Pleas on April 17, 1922. The following day the Rubber Co. filed its motion for a new trial, which was overruled according to the docket entry, on May 20, 1922. On May 23, 1922, a journal entry, signed by the trial judge and approved by counsel for both parties was filed with the clerk of the court. This journal entry specially overruled the motion for a new trial, and rendered judgment for the amount of the verdict and costs.

On Aug. 7, 1922, which was more than 70 days from the filing of the entry, the Rubber Co. filed its petition in error in the Court of Appeals, seeking to reverse the judgment. In that court the Realty Co. moved to dismiss the petition in error because it was filed more than 70 days after the date of the judgment. The Rubber Co. suggesting an imperfect record, the Court of Appeals ordered that a certified and complete record be transmitted to it from the trial court.

In the trial court the Rubber Co. moved for an order correcting the record so as to make it appear that the judgment was entered on June 2, 1922, and the court ordered the clerk to change the record to show the entry of judgment on June 6, 1922. From this order error was prosecuted to the Court of Appeals, which reversed the order and ordered the clerk to restore May 23, 1922. The actual recording of this journal entry was on June 6. In affirming the judgment, the Supreme Court held:

1. Under 12270 GC., proceedings to reverse, vacate or modify a judgment must commence within 70 days "after the entry of the judgment or final order complained of. A judgment is defined to be the judicial act of the court; its entry on the journal merely evidences the judgment and is wholly the ministerial act of the clerk. In 102 OS. 10 this court held that a judgment was not rendered until it was reduced to a journal entry." It is contemplated by the statutes that the judgment should be immediately entered when a motion for a new trial is overruled. When a judgment is pronounced, reduced to an entry, and approved by the trial judge, it at once becomes effective between the parties whose rights have been finally concluded thereby. However, a stranger to the record, such as a bona fide purchaser without notice, is not bound by an approved and filed entry until it is actually spread upon the journal, 59 OS. 259.

2. "We hold that when the parties to the judgment or their counsel approve a written journal entry, and the same has been signed and approved by the trial judge, the date of filing entry with the clerk of court is an entry of the judgment within the survey of Sec. 12270 GC., and proceedings in error must be commenced within 70 days after that time."

Attorneys—Burch, Bacon & Denlinger, for Amazon Co.; Musser, Kimber & Huffman, for Morewood Co., all of Akron.