Day, J.
 

 This case raises the question whether a litigant loses the right to have his case reviewed on error in the Court of Appeals for nonfeasance of the clerk of the court in failing to obey within the statutory period a precipe duly signed directing him to prepare a transcript of the final record of the docket and journal entries; it appearing that the petition in error, waiver of summons, bill of exceptions, and original papers were all regularly filed within time, and that the transcript was filed before the case came on for hearing.
 

 The General Code, Section 1'2263, provides as follows:
 

 “With his petition, the plaintiff in error shall file either a transcript of the final reeord, or a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of.”
 

 It is conceded that the statutory steps for the prosecution of error were duly and regularly taken within the statutory time, and that but for the delay of the clerk, in not filing the transcript of docket and journal entries until October 3, 1923. the same being the seventy-sixth day after the overruling of the motion for new trial, the procedure would have been entirely regular.
 

 
 *215
 
 It is by statutory provision conceded that the clerk of the court of common pleas and the clerk of the Court of Appeals are one and the same individual, he having complete charge of all dockets, journals, records, and original papers of both courts.
 

 Was it necessary for the plaintiff in error, after filing the precipe, to be personally present with the clerk of the court of common pleas to receive from him, as such, the transcript in question before the expiration of the 70 days, and, then, before such expiration, to immediately return the same to the clerk, as clerk of the Court of Appeals, for filing in that court?
 

 The record shows that the petition in error with waiver of summons, and other papers, were duly and properly filed with the clerk of the Court of Appeals on September 11, 1923, and manifestly all that plaintiff in error could do to complete her record was to secure the transcript, docket entries, etc., as provided by statute. She took such affirmative steps as were necessary to that end by filing a written precipe to that effect with the clerk in his capacity as clerk of the court of common pleas. She had already filed, as above stated, the petition in error and other papers with the same individual in his capacity as clerk of the Court of Appeals. All of these documents, journals, dockets, and records being so peculiarly within the possession and control of the same individual in his dual capacity, we are of opinion that it would be unnecessarily exacting to require the plaintiff in error to do more than file the precipe in question, having theretofore filed her petition in error in the Court of Appeals.
 

 This court, in
 
 Amazon Rubber Co.
 
 v.
 
 Morewood
 
 
 *216
 

 Realty Holding Co.,
 
 109 Ohio St., 291, 142 N. E., 363, held that the filing of a journal entry, approved by judge and counsel for interested litigants, became an “entry of the judgment” within the meaning of Section 12270, General Oode, and that proceedings in error should be commenced within 70 days from that date, even though the date of actually spreading the entry upon the journal may have been some time thereafter. Within the contemplation of the law and so far as the parties thereto were affected, the journal entry was held to be of the same day upon which it was filed with the clerk.
 

 If the filing of the transcript in 70 days were jurisdictional, that is, if it were a condition precedent to the right of the Court of Appeals to hear a case, it would make no difference why in a given case the transcript had not been so filed. That it had not been filed would be enough to defeat the court of jurisdiction.
 

 We think that if all other jurisdictional facts appear, and the party himself has not been guilty of laches, he should not suffer for the neglect of the clerk if the transcript is duly on file when the case, or any part thereof, is heard in the Court of Appeals. Of course, upon discovery of the nonfeasance of the clerk the party should at once take steps to remedy the defect by mandamus, if necessary, or other adequate means.
 

 This question was passed upon in this court in the case of
 
 Heininger
 
 v.
 
 Davis, Mayor,
 
 96 Ohio St., 205, 117 N. E., 229, and it was held that failure to file the transcript with the petition in error did not
 
 ipso facto
 
 result in loss of jurisdiction if the
 
 *217
 
 party took prompt steps to secure the transcript and the same was filed before hearing of the case. The facts giving, rise to the question may be stated as follows:
 

 Pursuant to the terms of Section '6142, General Code, a petition had been filed with the mayor of the city of Cleveland against prohibiting the sale of intoxicating liquors in a certain residence district, which petition was found by the mayor to be sufficient and a copy of his decision with reference thereto filed with the city clerk. Upon leave granted, J. W. Heininger, the plaintiff in error, on the 27th day of April, 1916, filed a petition in error, together with a bill of exceptions taken at the hearing before the mayor, and all the original papers in the case, in the Court of Appeals of Cuyahoga County. On the 13th day of May, 1916, plaintiff in error filed in the error proceedings in the Court of Appeals a transcript of the mayor’s docket. On the 18th of May, 1916, the defendant in error filed a motion to dismiss the proceedings in error, for the reason that plaintiff in error had not complied with Section 12263, General Code, requiring him to file either the transcript of the' final record,' or a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of. On the 4th of June, 1916, the cause came on to be heard upon the motion of the defendant in error to dismiss the proceedings, and on the 3d of July, 1916, the following judgment was entered of record:
 

 “This cause came on to be heard upon the pleadings, and the transcript of the record in the
 
 *218
 
 court of H. L. Davis, mayor, and was argued by counsel; and on consideration of all the assigned errors, the court dismisses the petition in error for want of jurisdiction, without record, at the plaintiff in error's costs, for which judgment is rendered against him.”
 

 While the question of what constituted a court of record was discussed at some length in this
 
 Heininger case,
 
 a construction of Section 12263, the same section of the Greneral Code which is under discussion here, was before the court, and by unanimous conclusion the Supreme Court held that the failure to file the transcript at the time of filing the petition in error was not fatal. Judge Donahue rendering the opinion of the court says, at page 213 (117 N. E., 231) :
 

 “But that error does not necessarily require a reversal of the judgment, if the Court of Appeals should have sustained the motion of defendant, in error to dismiss the petition in error for the reason that the plaintiff in error had not complied with .Section 12263, Greneral Code, requiring him to file either a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or a transcript thereof, as are required to exhibit the error complained of.
 

 “The plaintiff in error did file with his. petition in error a bill of exceptions, and all the original papers in the case, but a transcript was not filed because the mayor, acting upon the advice of the law department of Cleveland, believed he had no right to make such record or to certify such transcript. Mandamus proceedings were instituted by the plaintiff in error to secure the transcript. It
 
 *219
 
 was secured and filed before tbe hearing of tbe case.
 

 “If under tbe statute authorizing this proceeding in error it is necessary to file sucb transcript with tbe petition in error at tbe time tbe petition in error is filed, tbe refusal of tbe mayor to deliver sucb transcript upon demand and tender of fees therefor would be sufficient excuse for not filing tbe same, provided tbe plaintiff in error promptly brought and diligently prosecuted an action in mandamus to compel tbe making and delivery of such transcript.”
 

 Just what is tbe injury to this defendant in error if tbe transcript was not filed within tbe 70 days, although tbe petition in error and a waiver of tbe issuing and service of summons were filed, also a bill of exceptions duly allowed, approved, and signed, and a precipe for tbe transcript of tbe docket entries, etc? Within 6 days after tbe expiration of tbe 70 days, and before the case came on for bearing before tbe Court of Appeals, a proper transcript was furnished and duly filed. Tbe parties to tbe case know what happened in tbe court of common pleas, and if they do not they can readily find out by referring to tbe records of that court. Tbe purpose of a transcript is not to inform tbe parties as to what happened in tbe court below, but to inform and advise tbe Court of Appeals as to what tbe record of tbe court below shows, and if a transcript duly authenticated is before tbe court when a case is called for bearing no actual barm has been done to either party, nor is any inconvenience occasioned the court. Every practical purpose con
 
 *220
 
 templated by Section 12263 has been complied with. To deny this plaintiff in error an opportunity to have her case reviewed in the Court of Appeals by reason of the nonfeasance of the clerk under such circumstances would be- putting too strict a construction upon this remedial section.
 

 As was said by this court in
 
 Vance
 
 v.
 
 Danvis, Agent,
 
 107 Ohio St., 577, at page 582, 140 N. E., 588, 589 :
 

 “Neal regret is expressed both by lawyers and laymen that we find so many cases in our law reports determined upon mere questions of practice rather than upon basic principles of the law that reach the merits of the -cause in controversy. Obviously the law of procedure is remedial. It provides the legal ways and means of protecting one’s rights and defending oneself against another’s wrongs. It has therefore been laid down as a settled rule of law that all such remedial statutes and rules of law should be liberally construed in favor of the remedy provided by law. Now the remedy provided, not only by our Constitution, but from the earliest time by our Ohio jurisprudence, has been the right to review the judgments of the court -of common pleas; whether those judgments are in favor of the plaintiff below or the defendant below, the right is essentially the same. The rules of law and the statutes incorporating them should be so applied as to carry out this primary remedial purpose.”
 

 We are therefore constrained to the conclusion that when the precipe for the transcript was filed with the clerk, nothing thereafter remained for bim to do but the preparation of the transcript,
 
 *221
 
 and that the same upon completion was in his possession as clerk of the Court of Appeals, and that so far as the plaintiff in error is concerned she did all that she could do by filing the precipe, and that if the clerk failed to perfect the same before the expiration of the 70 days it was his nonfeasance, and not that of the plaintiff in error, which prevented the same being physically filed with the petition in error within the statutory period. In other words, it was such nonfeasance in this ministerial duty, over which the plaintiff had no oversight or control, that caused the delay. As is said by Jones, J., in
 
 Porter
 
 v.
 
 Rohrer,
 
 95 Ohio St., 90, 93, 115 N. E., 616, 617 (L. R. A., 1917D, 641 Ann. Cas., 1918B, 286):
 

 “But if doubt arises in the construction and application of cognate statutes relating to procedure, it is also well established that a liberal construction will obtain, in order that a litigant may not be deprived of a remedy attaching to a legal right otherwise granted him. So that, in the case at bar, while the duty was cast upon the plaintiff in error to file his bill within the 70-day limitation, that duty obviously could not be complied with, as by the ministerial omission of the clerk or trial judge such bill was not available and in the hands of the clerk on the seventieth day after judgment. # # #
 

 “However, where counsel for . the losing party has performed all the statutory requirements relating to the preparation, filing and perfection of the bill his client will not be allowed to suffer detriment by reason of neglect or default in the ministerial act of a clerk who fails to transmit or
 
 *222
 
 a judge -who fails to allow and sign, the bill within the prescribed time.”
 

 It is not the policy of the law to deny a litigant the right to have an adverse decision reviewed by a higher court, and to enforce a strict and harsh rule against one seeking to enjoy such remedy would be to deny him due process of law, especially when he has taken every reasonable step looking toward the compliance with statutory requirements.
 

 The spirit of the decision of this court in
 
 Porter
 
 v.
 
 Bohrer, supra,
 
 forbids so strict a construction of the steps necessary to perfect a proceeding in error, and we are of opinion that the Court of Appeals erred in striking the transcript of the docket and journal entries from the files and in dismissing the petition in error.
 

 The judgment of that court in so doing is, therefore, reversed, and this cause is remanded for further proceedings according to law.
 

 Judgment reversed.
 

 Marshall, C. J., Allen and Conn, JJ., concur.