By the Court.
 

 This cause came on to be heard upon the motion to dismiss the petition in error on the ground that it was not filed in this court within 70 days from the date of the entry of the judgment of the Court of Appeals upon the journal of that court.
 

 The judgment entry of the Court of Appeals was filed in that court on November 10, 1927, and the petition in error was filed in this court on February 1, 1928, a period of 82 days after the entry of the judgment on the journal of the Court of Appeals.
 

 The motion to certify the record was filed in ihis court December 6, 1927, within 30 days after the entry of judgment in the Court of Appeals, as re-. quired by the rule of this court, and the petition in error was filed within 10 days after the allowance of the motion to certify the record, as required by
 
 *146
 
 rule of this court. It is insisted by defendant in error that the statute fixing the time within which a petition in error must be filed is a jurisdictional limitation, and that the clerk had therefore no right to file the same after, the lapse of 70 days. Counsel has cited the case of
 
 Amazon Rubber Co.
 
 v.
 
 Morewood Realty Holding Co.,
 
 109 Ohio St., 291, 142 N. E., 363. That case decided that a proceeding in error in the Court of Appeals must be filed within 70 days from the entry of judgment in the court of common pleas. That case is not authority for the instant matter, because the instant case is one which the plaintiff in error had no right to file in this court until after the allowance of a motion to certify the record.
 

 Section 2 of Article IV of the Constitution contains the following provision:
 

 “In cases of public or great general interest the Supreme Court may, within such limitation of time as may be prescribed by law, direct any Court of Appeals to certify its record to the Supreme Court, and may review, and affirm, modify or reverse the judgment of the Court of Appeals.”
 

 No statutory provision has ever been enacted prescribing the time within which a motion to certify the record may be'filed in this court, but soon after the adoption of the constitutional provision this court made a rule allowing 70 days. More recently that rule has been changed whereby only 30 days are allowed. Manifestly it would be a vain thing to require a petition in error to be filed until it was first determined by this court whether or not the motion to certify should be allowed.
 

 
 *147
 
 The motion to dismiss must therefore he overruled.
 

 Motion overruled.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.