FRIEDMAN *v.* BROWN.

(Decided March 10, 1930.)

*Mr. Abraham Friedman,* for plaintiff in error.
*Mr. Vern H. Wilson,* for defendant in error.

CUSHING, P. J.   On the 6th day of August, 1929, judgment was entered in favor of the plaintiff, Max Brown, in the court of common pleas of Hamilton county.

On August 30, 1929, the defendant, Abraham Friedman, filed a motion to correct and change the date of the judgment entry, and on the 11th of September, 1929, the following entry was placed of record.

"It appearing to this court that for good cause

shown, and upon consideration thereof, the court being fully advised in the premises finds said motion to be well taken and grants same.

"It is hereby ordered that the judgment entry heretofore entered on the docket in this cause be corrected and changed to the date of filing this entry, granting the above motion.

"To all of which plaintiff excepts."

The petition in error was filed more than seventy days from the judgment entry of August 6, 1929, but within seventy days from the entry of September 11, 1929.

The motion to dismiss the petition in error, on the ground that more than seventy days had elapsed since the entry of the final judgment, was predicated upon the contention that the time ran from the former and not the latter entry. We are of opinion that the motion to dismiss must be granted for the reason that the judgment of August 6, 1929, was never vacated, corrected, or modified, and is still a valid and subsisting judgment as far as the record shows.

As stated in the case of *Amazon Rubber Co.* v. *Morewood Realty Co.,* 109 Ohio St., 291, at page 294, 142 N. E., 363, 364: "When a judgment is pronounced, reduced to an entry, and approved by the trial judge, it at once becomes effective between the parties whose rights have been finally concluded thereby."

The date on which the judgment is entered is not a part of the judgment, and is a fact which the court cannot correct. If the journal had not stated the fact of filing correctly, the journal could have been corrected. Such is not the case here.

The motion to dismiss the petition in error is granted.

*Petition in error dismissed.*

Ross and HAMILTON, JJ., concur.