SAMUEL B. POLLAK, Respondent, *v.* PORT MORRIS BANK, Appellant.

(Submitted September 28, 1931; decided October 6, 1931.)

*George M. Glassgold* and *Herbert S. Klein* for motion.

*Samuel B. Pollak, Bernard Pollak* and *Abraham P. Wilkes* opposed.

*Per Curiam.* Notice of the application to the court for leave to appeal was not served, as required by section 591 of the Civil Practice Act, within thirty days after service of the order of the Appellate Division denying leave to appeal. The appellant's counsel, upon proof that failure to serve the notice was due to inadvertence, induced by circumstances which would tend to excuse the apparent neglect, and that the respondent was not misled or injured by the delay, asks that we disregard

the defect in the application or enlarge the time for service of the notice.

This record discloses no question of law which would induce the court to disregard the defect in the application to allow the appeal even if it had power to do so. It is, however, without such power. Limitation of time in which to apply for leave to appeal results indirectly in a limitation of time to appeal and no judge or court has power to extend such time after its expiration. (Civ. Pr. Act, § 99; *Guarantee Trust & Safe Deposit Co.* v. *P., R. & N. E. R. R. Co.*, 160 N. Y. 1.) It is true that tardiness in the service of the notice of application while the court was in recess could have no effect in delaying the hearing or decision of the application after the court had reconvened and, therefore, could not even indirectly enlarge the time for taking a formal appeal if leave were granted. None the less the expiration of the time when the notice might have been served marked the termination of any right to seek review of the judgment by appeal and, in effect, an extension of time to seek a review of a judgment by appeal is an extension of time to appeal.

Motion for leave to appeal denied, with ten dollars costs and necessary printing disbursements.