## CLEVELAND PROVISION CO v MURPHY et

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 6, 1934

Thompson, Hine & Flory, Cleveland, and Morgan, Cailor & Cunningham, Youngstown, for plaintiff in error.

John Ruffalo, Youngstown, and Clinton Wall, Youngstown, for defendants in error.

**OPINION**

By LYNCH, J.

We will first consider this motion, and we think properly so, as one to strike the bill of exceptions from the files, for the claimed reason that the same was not filed within the time provided by law. The record in this case shows that on November 22nd, 1933, a verdict was returned by the jury; that on November 24th, two days thereafter, a motion for a new trial was duly filed, and that on December 1, 1933, said motion for a new trial was overruled by the trial court, and a formal judgment on the verdict duly entered.

Without any attempt during that term of the Court of Common Pleas to change or expunge from its record or journal said formal judgment so entered on December 1st, 1933, the trial court, on December 8th, 1933, put on another entry overruling the motion for a new trial and entering formal judgment in practically the identical language as the judgment entry so made and entered on December 1, 1933.

We find further, from an examination of the record, that the bill of exceptions was filed in this court on January 16th, 1934. As all lawyers know, our statute, §11506, GC, provides, expressly, that not later than forty days after the overruling of a motion for new trial, a bill of exceptions must be filed. Now, if the forty day period for the filing of this bill of exceptions runs from December 1st, the same was not filed within the statutory time. On the contrary, if the time commenced to run, and does run, from December 8th, 1933, the bill of exceptions was seasonably filed. In other words, it was filed in time. So the question here presented is whether the act of reentering on December 8th of the order overruling the motion for new trial, and of the judgment itself, which, as we have said, had been entered on December 1st, 1933, in due form, was within the judicial power of the trial court.

It is well established in our state that as to most orders the Court of Common Pleas has control over its journal during the term; that is to say, the trial court, after the judgment entry was made on December 1st, 1933, overruling the motion for a new trial and entering judgment on the verdict, could at a subsequent date during that particular term, in the event it reached the conclusion the judgment was wrong, have set the same aside, and granted a new trial, but that is an entirely different matter, in the judgment of this court, from re-entering the same judgment which had been entered in due and proper form.

The case of **Wells v Wells, 105 Oh St, 471,** is in point. It is said in the second paragraph of the syllabus that:

394

. "Parties to the action can not by formal entry of appearance or by agreement extend the limitation of time provided in §12270, GC."

. The case involved the section which provides that error proceedings must be commenced within seventy days after the judgment is entered. In our opinion, the trial court, even during term, with the consent of the parties, can not extend the time in which to file error proceedings or a bill of exceptions, and, of course that can not be done, and that result brought about, by the court re-entering the same judgment which had been entered more than forty days before the filing of the bill of exceptions, or more than seventy days before the filing of a petition in error.

We learned from the judgment on this motion that on March 25, 1927, in the case of **Youngstown Motor Transportation Association v Andrus,** opinion by the lamented Judge Pollock, 1 **Oh Ap,** 300, of Mahoning County, this court held that the trial court, even during term, could not strike out a judgment and re-enter it for the purpose of giving a party the right to perfect his appeal.

It follows from what we have said that the motion to strike the bill of exceptions from the file, because not filed within the statutory time, must be and is sustained.

We will now consider the petition in error. The petition in error and certified copy of the appearance docket and judgment entries were filed within the statutory period, so the error proceeding was seasonably commenced, but we find from an examination of the docket and journal entries no question is raised with respect to them, and that no error is claimed that can be considered by this court in the absence of a bill of exceptions. Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

FARR and ROBERTS, JJ, concur in the judgment.