## SCHNITZLER v LAKE SHORE COACH CO.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18505.   Decided Feb 16, 1942

Ezra Shapiro, Cleveland, and B. L. Goldman, Cleveland, for plaintiff-appellant.

Bushnell, Burgess & Fulton, Cleveland, for defendant-appellee.

### OPINION

By SKEEL, J.

This action comes to this court as an appeal on questions of law from a final order of the court of common pleas.

The action as it was presented to the trial court by the pleadings, involved an accident which occurred by reason of a collision between a bus of the defendant, then being driven westerly on Lake Road at or near its intersection with Cahoon Road in Bay Village, and an automobile in which the plaintiff was a passenger, which, just before the accident, was being driven east on said Lake Road but which the plaintiff claims was standing still at the time of the impact. The collision took place in the early afternoon of November 23, 1938.

Plaintiff was a governess in the McCrae family in Bay Village, having under her care two small children. On the day in question the plaintiff was being taken to the street car for her afternoon off. In the automobile at the time of the collision was the family chauffeur, one of the children, and the plaintiff. They were all seated on the front seat, the plaintiff being on the extreme right hand side. It was a snowy day and the road was very slippery. The chauffeur had brought the automobile to a stop as close as he could against the right hand curb because there was approaching him from the east a Ford car that was skidding and out of control. The Ford just brushed the front left fender of the car in which the plaintiff was riding, passed by and came to a stop just to the west. There was a hill and a curve just to the east of where the automobile in which the plaintiff was a passenger had been stopped. The defendant's bus was following the Ford within about 100 feet. When it came to the crest of the hill the driver applied his brakes. The bus skidded on to the wrong side of the road and ran head on into the automobile in which the plaintiff was seated. Negligent conduct in the operation of the bus was charged in plaintiff's petition, and denied in the defendant's answer and upon submission of the issues to a jury the verdict was returned for the defendant.

Plaintiff presented a number of assignments of errors but attempts to sustain only numbers two, three, four, five, and seven, which were therein stated as follows:

"Two and Three: The verdict and judgment are against the weight of

the evidence and are contrary to law."

"Four: The court erred in its charge to the jury in the trial of the within action."

"Five and Seven: The court erred in the rejection of evidence and requests for charges offered by the plaintiff."

The defendant challenges the plaintiff's right to present these claimed errors to this court, alleging that there is no bill of exceptions before the court. The facts which are the basis of this claim of the defendant are as follows:

The case was filed in May of 1939. It came on for trial on February 28, 1941. The jury was impanelled and sworn and upon conclusion of the trial a verdict was returned for the defendant. On March 3, 1941, or within three days, a motion for new trial was filed. There was an oral argument before the court on April 5, 1941, and the motion was overruled on July 18, 1941, and judgment entered on the journal in accord with the verdict. The notice of appeal was filed on August 6, 1941. On August 29, 1941, 42 days after the motion for new trial was overruled, the plaintiff filed a motion requesting the court to vacate the entry of July 18, 1941, overruling the motion for new trial, and reenter the same as of August 30, 1941. Upon hearing this motion on August 30th the court, over the objection of the defendant, granted same and vacated the entry of July 18, overruling plaintiff's motion for new trial, and then reeentered the same ruling as of August 30th. The second notice of appeal was then filed on September 4th and the bill of exceptions was filed on September 30th.

The motion requesting the court to vacate the entry overruling plaintiff's motion for new trial, was as follows:

"Now comes the above named plaintiff, Ethel Louise Schnitzler and hereby moves this Honorable Court for an order vacating the entry and ruling made in this cause on July 17, 1941, in which plaintiff's motion for new trial was overruled; and further moves that said ruling be reentered as of this date, without plaintiff's waiving her exceptions to such entry overruling her motion for new trial in the within cause. This motion is filed within the same term of court as the date on which the original motion for new trial was overruled, to-wit, July 17, 1941. Due to inadvertence in the absence of attorneys for plaintiff from the city, the date for filing a bill of exceptions in the above entitled action was overlooked and the within motion is made in order to permit the filing of said bill of exceptions and thus relieve the plaintiff against any possible hardship that would otherwise ensue."

The journal entry of the vacating and reentering the overruling of plaintiff's motion for new trial recited that "upon full hearing of the issues involved and to promote justice" the motion to vacate and reenter the entry of July 18th is granted. There can be no question but that the sole purpose of the plaintiff's motion requesting the vacating and reentering, as of a later date, the entry of July 18th overruling plaintiff's motion for a new trial, was to extend the time for filing the bill of exceptions beyond the 40 days allowed by §11564 GC. The evidence that was submitted on the hearing of August 30th is not before the court but the contents of the motion can leave no doubt as to the reasons advanced in procuring such entry.

It is true that the entry overruling the motion for new trial, and the subsequent motion seeking to vacate such entry, which was filed on July 28th and ruled upon on August 30th, all took place during the May term of court. Ohio recognizes to the full extent of the common law rule the power of a court over its judgment during term.

**First National Bank of Dunkirk, Ohio v Smith et, 102 Oh St 120:** (Syllabus 1)

"1. A court of general jurisdiction such as the common pleas court has control of it own orders and judgments

during the term at which they are rendered, which control may be exercised within the sphere of sound discretion, as an inherent right founded upon common law."

This case involved the vacation of a cognovit judgment during term. The court granted the defendant leave to file an answer and to have the case heard upon its merits. The rule is well stated in Black on Judgments, Chapter IX, page 153:

"The court has plenary control of its judgments, orders and decrees during the term at which they are rendered and may amend, correct, modify or supplement them for cause appearing, or may, to promote justice, reverse, suspend, remake or vacate them as in its discretion seems necessary."

But the power of the court over its entries, judgments and decrees does not encompass the right to extend or change statutory procedural rules. Such an act constitutes judicial legislation and cannot be sustained.

In the instant case, the plaintiff, for reasons not explained in the record, except that by her motion of August 29th she alleges that it was "overlooked" did not file her bill of exceptions within the forty days as provided by §11564 GC. If the court, in the sound exercise of its discretion, when considering the facts and circumstances of the case after the motion for new trial had been overruled and after more than forty days had passed from the date of overruling such motion but yet within term, should find that justice had not been done, the entry could have been vacated, the motion granted and the case ordered retried. But it is quite a different matter to attempt to assist in the perfection of an appeal beyond the time prescribed by law. If the court has no power to extend such time directly it cannot do it indirectly by changing the date of overruling the motion for new trial for that sole purpose.

In the case of **Amazon Rubber Co. v Norwood Realty Company, 109 Oh St 291,** the Supreme Court of Ohio said:

"When a judgment is pronounced, reduced to an entry and approved by the trial Judge, it at once becomes effective between the parties whose rights have been concluded thereby. So it is that if either party feels aggrieved thereby he may prosecute a review of the case as provided by law but the trial court is without power to waive or extend either directly or indirectly any of the fixed statutory procedure upon which both parties have the right to rely."

In the case of Cornell University v Parkinson, 59 Kansas 365, the court held that while the court has control of its judgments during the entire term at which they are rendered, this rule will not be applied so as to enable a party to take advantage of his own negligence or misconduct to the injury of the other party.

A like holding was pronounced in the case of Pollak v Port Morris Bank, 257 N. Y. 287. In this case notice of appeal was not served as required by statute.

"Appellant's counsel, upon proof that failure to serve the notice was not due to inadvertence induced by circumstances which would tend to excuse the apparent neglect and that respondent was not injured by delay, asks that we disregard the defect."

Held: (syllabus):

"Limitation of time to apply for appeal results in limitation of time to appeal and no court can extend time after expiration."

In Muckelray v Baldwin et, 70 Federal 2nd 728, counsel was induced to withhold filing appeal because defendant was in bankruptcy under 77-B and was advised by counsel for the bankrupt that such proceeding acted as a restraint until an order was made

in the bankruptcy court to the contrary. The court held, when the appeal was filed out of rule:

"Three months statutory period for appeal is mandatory and jurisdictional and cannot be extended by waiver, consent or by order of the court."

The case of Bradley v Kalin et, 250 N.W. 257, (1933 Neb. Sup. Ct.), the exact question now presented in this case was then under consideration.

The district court entered a judgment for the defendant, denying plaintiff the right to compensation for an industrial accident on February 13, 1933. Motion for new trial was filed on February 20, 1933. A pleading entitled "Supplement to motion for new trial" was filed April 4, 1933, and the motion for new trial was overruled on April 7, 1933. On April 26, 1933, a stipulation of parties was filed requesting and jointly stipulating that the entry overruling motion for new trial of April 7, 1933 be vacated and that thereafter such order overruling motion for new trial may be reentered at the convenience of said court and expressly set forth as the sole reason for the request and stipulation was as follows:

"This application is made so that the plaintiff will have the necessary time available to perfect an appeal within the statutory time."

On April 27, a formal order of judgment was duly made and entered in this case wherein and whereby

"In accordance with the above stipulation the ruling entered April 7, 1933, and of record at page 61 of this court, was vacated and set aside and in this same order thus entered this motion for new trial was again overruled on May 10th. Bond on appeal was filed in the District Court and approved on May 18, 1933. Transcript on appeal was filed in the Supreme Court."

The statute on appeal §48-139 Compiled Statutes (1929) reads in part:

"Any appeal from such judgment shall be prosecuted in accordance with the general laws of the statutes regulating appeals and (in) actions at law, except that such appeal shall be perfected within thirty days from the entry of judgment."

Therefore, the transcript of appeal must be filed in the Supreme Court within thirty days of judgment appealed from the District Court.

Syllabus 1: "An appeal in Workmen's Compensation case, transcript of record containing final order appealed from must be filed within 30 days from entry thereof.
2: Supreme Court is without jurisdiction, unless appeal is taken within statutory time.
3: Trial court cannot extend time for taking appeal and order entered for that express purpose is ineffective."

Morrell County v Bliss, 124 Neb. 249 N. W. 98-99.

The case of **Friedman v Brown, 35 Oh Ap 450,** involved facts very similar to those in the instant case.

On the 6th day of August, 1929, judgment was entered in favor of the plaintiff, Max Brown, in the Common Pleas Court. On August 30, 1929, the defendant filed a motion to correct and change the date of the judgment entry and on the 11th day of September, 1929, the court entered the following order:

"It appearing to this court that for good cause shown, and upon consideration thereof, the court being fully advised in the premises finds said motion to be well taken and grants same.

It is hereby ordered that the judgment entry heretofore entered on the docket in this cause be corrected and changed to the date of filing this entry granting the above motion.

To all of which plaintiff excepts."

The petition in error was filed more than seventy days from the judgment entry of August 6, 1929, but within sev-

**544**

enty days of the entry of September 11, 1929. On the motion to dismiss the petition in error on the ground that more than seventy days had elapsed since final judgment, which motion was predicated on the contention that the time ran from the former and not the latter date, the court in granting the motion and dismissing the error proceedings, held:

"Syllabus 4: Date on which judgment is entered is fact which court cannot correct, as regards extending time for appellate review."

We therefore conclude that the Common Pleas Court is without authority to vacate the overruling of a motion for new trial and reenter such order as of a subsequent date for the sole purpose of extending the time within which to file a bill of exceptions and that to do so is an abuse of discretion. Such change upon the record does not confer upon the party in whose favor such motion is decided any additional rights. The purported bill of exceptions in this case being therefore filed more than forty days after the overruling of the motion for new trial, must be stricken from the record. Inasmuch as the errors complained of require a bill of exceptions for their determination, the court must affirm the judgment below.

LIEGHLEY, PJ., MORGAN. J., concur.