Cohn, J.
After a trial held in the Court of Special Sessions of the City of New York, Bronx County, defendant was convicted of a violation of section 1140 of the Penal Law, and on June 28, 1949, was sentenced to pay a fine of $150 or to be imprisoned for thirty days in lieu of the fine. A notice of appeal was served on July 29, 1949.
The People maintain that the appeal was not timely taken and should therefore be dismissed. We think their contention is correct. Having been served thirty-one days after the judgment was rendered, the notice of appeal came too late. An appeal in a criminal case is not a matter of inherent right but exists only by authorization of statute. (People v. Gersewitz, 294 N. Y. 163, 166; People v. Zerillo, 200 N. Y. 443, 446; People v. Mellon, 261 App. Div. 400, 401.) The Code of Criminal Procedure, which regulates the right of appeal in criminal cases, provides: ‘ ‘ An appeal must be taken within thirty days after the judgment was rendered or the order entered; * * (Code Crim. Pro., § 521; cf., also, §§ 517 and 520.) The courts are without power to extend the time (People ex rel. Hirschberg v. Orange Co. Court, 271 N. Y. 151, 156; People ex rel. Bergman v. Morhous, 264 App. Div. 978, affd. 295 N. Y. 841).
Defendant earnestly urges that since the court gave him until July 1st to pay the fine, the time within which an appeal might be taken should be calculated from that date. We see no force to that contention for the statute has been authoritatively construed to mean that the date upon which the sentence' is imposed and entered upon the minutes of the court (in this case, June 28, 1949) is the date of rendition of judgment (Code Crim. Pro., § 485; People v. Canepi, 181 N. Y. 398, 402; People v. Bradner, 107 N. Y. 1, 11; Manke v. People, 74 N. Y. 415, 424; People v. Bork, 78 N. Y. 346, 350; People v. Collins, 271 App. Div. 511, 514, 516, opinion by Dore, J.).
It has long been settled that in civil cases as well as in criminal cases, a court or judge is not authorized to extend the time fixed by law within which an appeal may be taken (Civ. Prac. Act, § 99). Nor may the court allow an appeal to be taken after the expiration of such time (Pollak v. Port Morris Bank, 257 N. Y. 287, 288; Matter of Westberg, 279 N. Y. 316, 322). This limitation is binding upon the courts no matter how meritorious the excuse for failure to appeal in due time (Morris v. Chemical Bank & Trust Co., 291 N. Y. 646; 6 Carmody on New York Practice, § 122, p. 105).
*11 Under well-grounded principles of law we are constrained to hold that this court is without jurisdiction to entertain this appeal because the notice of appeal was not timely served. The appeal should accordingly be dismissed.
Peck, P. J., Glennon, Dore and Van Voorhis, JJ., concur. Appeal unanimously dismissed.