HEBERT, APPELLEE, *v.* NEW YORK CENTRAL RD. CO., APPELLANT.

(No. 4608—Decided December 14, 1951.)

*Mr. John J. Barone* and *Mr. George R. Effler,* for appellant.

*Messrs. Doyle, Lewis & Warner,* for appellee.

HURD, J. For the purposes of brevity and clarity, the parties will hereinafter be designated as plaintiff and defendant, as they appeared in the trial court.

This is an appeal on questions of law from a final order of the Court of Common Pleas of Lucas County, in which complaint is made by the plaintiff that the trial court committed an abuse of discretion by vacating and setting aside a prior final order overruling a motion of the defendant for a new trial and by reentering the same ruling as to such motion at a subsequent date for the sole purpose of extending the time provided by law for the filing of a bill of exceptions in an appeal of such cause to this court.

There is before us also a motion to dismiss the appeal of defendant from the judgment originally entered and a motion to strike the bill of exceptions

from the files. A determination of the primary issue will be decisive of the disposition of these motions.

To understand and determine the questions presented, it is necessary to state chronologically the proceedings disclosed by the record and to state in condensed form the facts developed upon the hearing, wherein the court vacated the prior final order overruling the motion for a new trial and re-entered the same as of a later date.

On June 13, 1949, the plaintiff as administrator of the estate of her deceased husband, Peter J. Hebert, Sr., filed her petition in the Common Pleas Court of Lucas County against the defendant for her own benefit as Hebert's widow and for the benefit of his two children, Peter J. Hebert, Jr., aged 11 years, and Donald Hebert, aged nine years, praying for damages for the wrongful death of decedent, proximately caused by the alleged negligence of the defendant.

The issues having been made up, the case came on for trial June 14, 1951. The jury returned a special verdict for the plaintiff and the two sons of the decedent, the court, by entry, reserving the case for future consideration, immediately following the verdict of the jury. On June 27, 1951, the motion of the defendant for judgment *non obstante veredicto* was overruled and a motion of the plaintiff for judgment on the special verdict was sustained and such judgment was entered on the journal of the court in favor of the plaintiff. On July 6, the motion of the defendant for a new trial was filed. On July 12, 1951, the motion of the defendant for an order vacating and setting aside the verdict of the jury and the judgment rendered thereon, and for a new trial, was overruled, to which the defendant duly excepted.

On July 31, 1951, notice of appeal of defendant and precipe were filed. Thereupon, the pleadings and papers, together with a certified transcript of the

docket and journal entry and all original papers were transmitted to the Court of Appeals, case No. 4595.

On September 6, 1951, defendant filed a motion to vacate the order overruling the motion for a new trial and for rehearing. On September 7, 1951, the motion of the defendant to vacate and set aside the order of the court theretofore entered on July 12, 1951, overruling the motion of defendant for a new trial was granted and the entry of July 12, 1951, was ordered vacated, to all of which the plaintiff excepted.

On the same day, September 7, 1951, the court re-entered its order of July 12, 1951, overruling the motion of defendant for a new trial over the objections of plaintiff.

Now the record shows that the defendant's bill of exceptions for the purpose of demonstrating alleged errors on appeal was required to be filed in the trial court within 40 days from July 12, 1951, or, specifically, not later than August 22, 1951. No such bill of exceptions was filed within that period of time and it is conceded by counsel and the record shows conclusively that the sole purpose of vacating the final order of July 12, 1951, and re-entering the same as of September 7, 1951, was to extend the time provided by law for the filing of a bill of exceptions in an appeal of the cause on questions of law to this court.

Upon the hearing on September 7, 1951, on defendant's motion of September 6, 1951, to vacate the final order of July 12, overruling the motion for new trial and for rehearing, evidence was presented in the form of a professional statement made by one of counsel for defendant and the testimony of the official court reporter of Common Pleas Court who reported the trial.

From this evidence it appears that counsel of record for defendant was a firm composed of nine lawyers,

and that the law firm employes a docket clerk whose duty it is to keep a record of the dates on which various papers are filed in all cases in the office and who records these dates from the Legal News or other information given her. It appears further that a bill of exceptions had been ordered and was delivered to the office of counsel, together with the reporter's bill for preparing the same on July 13, 1951, one day after the journal entry was filed overruling the motion for a new trial. Thus it appears that counsel for defendant had the bill of exceptions in their hands for a period of 39 days before the expiration of the time for filing the bill of exceptions in the trial court.

The reason assigned by the individual attorney, who conducted the trial of the case with the assistance of the claim agent of defendant, for the failure to file the bill of exceptions within 40 days from the final order as required by Section 11564, General Code, was that he was intermittently ill with a stomach complaint, and that he was overloaded with a volume of work, having been placed in charge of other legal matters of considerable importance, such as a "rather rugged labor situation" of a client at Bowling Green, Ohio—a case involving another client, the Baltimore & Ohio Railroad in litigation with the City of Toledo —the case of *Save-Way, Inc.,* v. *New York Central Rd. Co., ante,* 367, 105 N. E. (2d), 431, and "all the other current things that came along."

Counsel's statement also indicates that he was in his office and actively engaged in the practice of law from June 27, 1951, to July 26, 1951. He was absent from his office the three days of July 27th, 28th and 29th; he was back at his office July 30th and left for Canada at 3 p. m. of that day. He returned to his office on August 9th, and was then absent for about six days and returned to his office on August 15th, 16th and 17th. Thereafter he was absent until August 23rd,

on which day he returned, which was one day after the bill of exceptions should have been filed.

The single question presented is whether the trial court committed an abuse of discretion when on September 6, 1951, the court vacated the final order of July 12, 1951, and immediately re-entered the same as of said subsequent date for the sole purpose of extending the time provided by law for filing a bill of exceptions on appeal.

This is not a matter of first impression in Ohio, or in other states with comparable statutory requirements. This question has been settled in Ohio by the cases of *Sullivan* v. *Cloud,* 62 Ohio App., 462, 24 N. E. (2d), 625; *Schnitzler* v. *Lake Shore Coach Co.,* 69 Ohio App., 265, 41 N. E. (2d), 436; *Cleveland Provision Co.* v. *Murphy* (Court of Appeals for Mahoning County), 17 Ohio Law Abs., 392; *Friedman* v. *Brown* (Court of Appeals for Hamilton County), 35 Ohio App., 450, 172 N. E., 565; *Parrett* v. *Parrett* (Court of Appeals for Franklin County), 60 N. E. (2d), 736. The gist of these holdings is generally to the effect that a trial court may not arbitrarily vacate and then re-enter a judgment for the sole purpose of extending the time for appeal.

The great weight of authority in other jurisdictions is succinctly stated in an annotation contained in 149 A. L. R., 741, supplementing an annotation in 89 A. L. R., 941, as follows:

"As said in the previous annotation, it appears to be a well-established rule that a trial court may not permit, in any indirect manner, an extension of time for taking an appeal, particularly after the time for taking it has already elapsed, so as to evade an express statutory requirement that the appeal must be taken within a certain time." (Citing many cases.)

The defendant claims that the trial court acted with-

in the limits of sound discretion and relies upon the case of *Tims* v. *Holland Furnace Co.,* 152 Ohio St., 469, 90 N. E. (2d), 376, decided January 11, 1950, considerably after the decisions in the cases above cited, wherein the Supreme Court held, as indicated in the first paragraph of the syllabus:

"1. To permit the preparation and timely filing of a bill of exceptions by a litigant who is without fault, the Court of Common Pleas, for good cause shown and in the exercise of sound discretion may vacate its judgment during the term in which it was rendered and before an appeal has been instituted, and, later, during the same term, may enter a new judgment, from the date of which latter judgment the period for perfecting an appeal will begin to run."

This holding is the last word on the subject and binding upon this court. If the defendant can qualify within the reasonable limits of the rule of the *Tims case,* it would not be error on the part of the trial court in taking the action of which complaint is made.

In the *Tims case,* the litigant was without fault. Also, the action was taken before an appeal was instituted.

In that case it appears that the court on November 23, 1948, entered a final order of judgment for plaintiff and against defendant upon overruling a motion for a new trial by defendant and acceptance by plaintiff of a remittitur suggested by the court. On December 3, 1948, counsel for defendant advised the court that the court reporter who took the testimony in the case was ill and would be unable to prepare a transcript of the record and testimony within the statutory period for filing the same in the Court of Appeals and unless such time could be extended there was no practicable way of having prepared and filed such transcript. The court thereupon advised counsel that inasmuch as he had control of his orders during term

he would vacate the entry of November 23 and that such entry would again be made as soon as the reporter had recovered from his illness and was able to prepare the transcript. Accordingly, the entry of November 23, was vacated on December 3rd, and a similar entry was made on December 23, 1943.

The recitation of the facts shows a clear distinction when compared with the facts of the instant case. In the *Tims case* the court reporter was under complete, although temporary, disability due to illness. Defendant's counsel acted with commendable diligence in bringing this fact to the attention of the trial court so that the litigant represented by his counsel was without fault. In the instant case the contrary appears, as the reporter prepared and delivered the bill of exceptions to counsel for the litigant 39 days before it was required to be filed. A firm of nine lawyers employing a docket clerk cannot be said to be without fault, particularly where counsel handling the litigation gave preferential attention to other business of the office and who, even though suffering from intermittent illness, was working the greater part of the 40 days within which the bill of exceptions should have been filed. Nor do we consider it a valid excuse if one member of the firm is suffering from a temporary disability if the other eight members of the group permit such a situation to arise when any one of them or the docket clerk could have filed the bill of exceptions with the trial court within the time prescribed by law.

Another distinguishing feature in the *Tims case* is that counsel acted before an appeal had been taken, whereas in the case at bar, an appeal had been taken. But the basis of the decision of the Supreme Court was more fundamental, because the court emphasized the *impossibility* of the defendant in that case having a bill of exceptions prepared for filing within the statu-

tory period, for at page 474 of 152 Ohio St. (page 379 of 90 N. E. [2d]), in the opinion, Zimmerman, J., speaking for a unanimous court, said:

"Because of the *temporary disability* of the reporter who had recorded the evidence at the trial, it was impossible to have prepared and filed, within the period prescribed by statute, a bill of exceptions containing the evidence. Recognizing the dilemma in which the defendant found itself, the Court of Common Pleas, during the same term in which the judgment against the defendant had been rendered, vacated such judgment and later entered a new one to afford the defendant the review which, if possible, should be preserved to it." (Emphasis by Supreme Court.)

And, at page 476 of 152 Ohio St. (page 380 of 90 N. E. [2d]), Judge Zimmerman, apparently having in mind the series of cases hereinabove cited, said:

"We submit that a difference exists between arbitrarily re-entering a judgment for the sole purpose of extending the time for appeal and vacating a judgment for good cause, such as the one disclosed in the instant case, and entering judgment at a later time during the same term to save to a litigant, *who is without fault,* the privilege of appeal—a valuable and substantial remedy." (Emphasis supplied.)

We do not think it necessary to labor this point to any further extent. For a more extended discussion of authorities see the case of *Save-Way, Inc.,* v. *New York Central Rd. Co., ante,* 367, 105 N. E. (2d), 431, opinion by Thompson, J., decided contemporaneously herewith.

We hold, therefore, that the law of the *Tims case* is not applicable or decisive of the issue in this case and that the vacation of the final entry of July 12, 1951, was not for good cause, but that the court erred prejudicially in vacating the entry, which act constituted an abuse of sound discretion.

For the reasons stated, we hold that the entry of September 7, 1951, vacating the final entry of July 12, 1951, must be reversed and set aside, thus leaving the final order of July 12th in full force and effect.

It follows, therefore, that the motion of plaintiff to dismiss the appeal of defendant from the judgment originally entered must be granted and, inasmuch as defendant concedes that no demonstrated error can be shown in the absence of a bill of exceptions, the motion of plaintiff to strike the bill of exceptions from the files must be granted.

*Judgments accordingly.*

SKEEL, P. J., and THOMPSON, J., concur.

SKEEL, P. J., and HURD and THOMPSON, JJ., of the Eighth Appellate District, sitting by designation in the Sixth Appellate District.