**HANGEN** (a minor) v **HADFIELD**

Ohio Appeals, 2nd Dist, Darke Co

No 526.  Decided March 12, 1938

Mahler & Marchal, Greenville, for defendant-appellant.

Goubeaux & Goubeaux, Greenville, for plaintiff-appellee.

## OPINION

By GEIGER, J.

On January 16, 1937, at about ten o'clock in the morning a collision occurred between the car of the plaintiff and defendant below, near the brow of what is known as the Risley Hill on the Pittsburgh-Laura Road in Darke County. A trial of the issues was had before a jury. The jury viewed the portion of the road where the accident occurred. At the end of the plaintiff's testimony a motion was interposed for an instructed verdict on behalf of the defendant which was overruled, and on being repeated after all the evidence, was again overruled. The jury found in favor of the plaintiff awarding the entire amount asked in the petition. Motion for new trial was made and overruled and the case is before this Court for review on questions of law. Counsel for defendant in their brief before this court set out 14 errors complained of. As is usual in cases of this character the evidence submitted was conflicting, but we do not find that the Court erred in refusing to instruct the verdict. It was eminently a case for the consideration and determination of the jury. We have carefully gone over the evidence. While there is conflict, we think a fair picture of the case is that on the day in question the plaintiff was driving his car eastward at a speed of approximately 45 miles an hour, ascending Reisley Hill where his vision was obstructed by the brow of the hill. He was traveling on the south or his right hand side of the road. As he reached the crest of the hill he detected the defendant's car coming westward, being then to some degree at least, on the south side of the center line of the road at a distance of about 200 feet. The defendant driving westward had passed a boy driving his bicycle along the edge of the road which caused him to swerve from the north to the south or his left hand side of the road. Whether he had recovered his position on the north side of the road before the collision is a matter of controversy. When the plaintiff, driving eastward saw the car of the defendant on the south side of the road he put on his brakes which caused his car to skid to the northeast for about 30 feet. In skidding he appears to have crossed the center line to his left hand side of the road. The defendant in the meantime was endeavoring to recover his proper position on the north side of the center line and to stop his car before the impending impact. His car also skidded and the two came in contact damaging both cars and injuring the plaintiff. The plaintiff's car, from the damage resulting, seems to have been struck on its right hand side, while the defendant's car was damaged on the left side. After the impact the defendant's car proceeded a short distance, about five feet, before coming to rest, while the plaintiff's car was turned completely around and headed westward, coming to repose with one front wheel in a ditch along the south side of the road and the remaining wheels on the south edge of the tarvia roadway.

The accident occurred about ten o'clock in the morning on a sixteen foot tarvia surfaced highway which was then dry. It fairly appears from the evidence that the defendant admitted to a number of persons who gathered after the accident that he was on the south or his left hand side of the road on account of passing the boy on the bicycle and had not yet entirely recovered his position on the north of the center line. Some witnesses were not as accurate as they might have been in defining the position of the cars as to the center line of the road, saying simply that they were "over" the center, not clearly describing on which side of the center line the car then might have been nor just what was meant by being "over the center line", whether the whole or simply a part of the car spoken of. On the whole we are of the opinion that the difference in the testimony of the several witnesses makes the question of fact one appropriate for the determination of the jury, whose verdict should not be disturbed by a reviewing court.

### ERRORS OF LAW COMPLAINED OF.

As stated before, numerous complaints are made as to errors committed by the trial court. We will examine these briefly in the order set out in the defendant's brief.

A. The assertion is made that the plaintiff was guilty of contributory negligence proximately contributing to the injuries complained of. It is pointed out that his car was proceeding up the hill at the rate of from 45 to 50 miles per hour. Whether this was negligence we think is a question of fact, to be determined by the jury, rather than of law. To ascend a hill on a well surfaced highway at the rate of 45 miles an hour is not in our judgment negligence per se, nor does it necessarily, under the facts disclosed, constitute a high and dangerous rate of speed. It is true the brow of the hill obstructed the view beyond, but the plaintiff had a right to assume that any one approaching the brow of the hill from the east would do so on the north

side of the road and he was not obliged to anticipate that when he arrived at the top of the hill he would find the defendant's car obstructing his progress. The defendant owed a duty when he approached the brow of the hill from the east to keep on the north or his right side of the roadway until he could have an unobstructed view of the vehicles that might be approaching from the west on the south side of the roadway. The defendant knew or should have known that when he ventured to cross the center line so as to be on the south or his left hand side of the road there was danger from cars approaching from the west. This may have delayed his opportunity to pass the boy on his bicycle going in his direction, but that is a common situation arising in highway traffic, and those seeking to pass slower moving vehicles are constantly admonished of the danger of so proceeding unless it be carefully done.

We will take up the question of the requirement that the plaintiff should not drive his vehicle "at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead" at a later point. It is claimed that Hangen was required by the statute to keep to the right, and that the crossing by him of the center of the highway was negligence per se. This we will also discuss later.

Complaint is made that the court erred in overruling the motion of defendant to withdraw a juror and declare a mistrial on account of alleged misconduct of plaintiff in making inquiry of jurors during the voir dire examination. On pages 11 and 12 of the record appear the questions and answers complained of. We think these come clearly within the case of The Dowd-Feder Co. v Truesdale, 130 Oh St, 530, in which it is held that all questions in the voir dire examination must be propounded in good faith. The character and scope of such questions can not become standardized but must be controlled by the Court in the exercise of its sound discretion.

This is the latest pronouncement of the Supreme Court. The matter was clearly within the sound discretion of the trial court and we find no reason to differ with the judgment of the court.

B. Considering Charge No. 3, which was refused the portion of the charge referring to the duty of Hangen to pass to the right of all vehicles approaching from the opposite direction was correctly given in requested Charge No. 2. The portion of the refused charge in which it is stated that, "If you find from the evidence that Hangen failed to pass to the right of the car being driven by the defendant, and that such failure to so pass directly and proximately contributed in the slightest degree to cause the collision, then your verdict must be for the defendant", caused the refusal of the court to give the third requested charge, for the reason given on page 221 of the bill; the court there stating that he believed the Code relating to the duty to pass on the right of an approaching vehicle is limited to the presumption of law that the approaching driver was free from negligence and was on his own right side of the road. We are of the opinion that the court did not err in refusing special charge No. 3 in view of the requested charges given by the court, and for this reason given by the court and further we do not believe there is any evidence in this case in any way tending to show that the plaintiff endeavored to pass the defendant's automobile on the north or the plaintiff's left hand side of the road. The course of two skidding cars approaching each other is too erratic to make the part of the cars where each contacted the other of value in the determination of the course of each before the skidding began and in this case is no evidence that the plaintiff was endeavoring to pass the defendant on the north or plaintiff's left side of the road.

C. It is urged that the court erred in refusing to admit a photograph of the roadway, the defendant's exhibit No. 2 which seems to be printed from the same negative as No. 1, but more distinctly. The Court has examined this photograph and considering the testimony of the photographer that he could not secure a successful photograph on the 17th day of January on account of atmospheric conditions and that at a later date he found the road covered with ice which prevented a successful photograph, and that when he did finally secure the photograph in question on the 3rd day of February that it did not disclose what he had seen on the 17th and had considered as skid marks made by the defendant's automobile, and which were still in evidence on February 3rd, we do not believe that the defendant had a right to urge the introduction of the photograph which concededly did not show all the marks present at the alleged point of the collision, to prove that the defendant's car skidded and to indicate the point of collision.

The case of Railroad v DeOnzo, 87 Oh St, 109, simply states that it is not error to admit a photograph properly identified. The case of Kalovsky v Dairy Products Co., 30 Oh Ap, 118, holds that the admissibility of documentary evidence and photographs

depends on the court's sound discretion considered in the light of all the circumstances appearing in the record and the court is responsible only for abuse of such discretion. The court as cause for refusing the introduction of photograph points to the fact that it did not disclose all the skid marks. It may not have been possible to disclose these in a single photograph, but it occurs to us that it was the duty of the defendant to disclose other skid marks even though it might require a second photograph, but we are of the opinion that doubt cast upon the probability that this photograph disclosed a correct condition of the surface of the road as the same existed immediately after and a result of the skidding of the plaintiff's car, and the further fact that as indicated by the converging rather than parallel lines it might not have been marks made by the plaintiff's car, justified the court in refusing to admit the photographs.

COMPLAINTS AS TO GENERAL CHARGE

D. (1) Complaint is made that the court erred in failing to give the jury a proper instruction as to the measure of property damages. The court did omit instructions as to this, but inquired of counsel if he had any other matter that he wished to charge and counsel for defendant remained silent. We think he can not now take advantage of his then silence. See Sickord v Kramer, 133 Oh St, 291, Bar Assn. Report, February 21, 1938.

(2) Already passed upon.

(3) Will be passed upon later.

(4) Already passed upon.

(5) No error. We think the charge given correct and not prejudicial.

(6) There was a charge in reference to the duty of the plaintiff in passing the bicycle. The plaintiff denied having seen the bicycle and we think the charge in reference to that situation was an inadvertence, and that the Court intended to use the word 'defendant'. It is not prejudicial if it related to defendant. It could have no reference to plaintiff, under the facts proved.

(7) Already passed on.

(8) We think this correct charge, at least not prejudicial.

ASSURED CLEAR DISTANCE AHEAD

We will now consider the vexatious question of "assured clear distance ahead". It is asserted by defendants that the court erred in instructing the jury relative to the first ground of contributory negligence. It is claimed that the rule as given by the court in its general charge is erroneous and prejudicial.

Defendant's special charge No. 5 was given by the court as follows:

"You are instructed as a matter of law that is is unlawful to drive a motor vehicle on the public highway at a greater speed than will permit the driver to bring it to a stop within the assured clear distance ahead."

In the general charge (p. 235) the court stated that the law provides that no person shall drive any motor vehicle in or upon a public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. On p. 237 the court charged,

"The statutory provision is that a person must keep his car under such control as will enable him to stop within the assured clear distance ahead. The Court of Appeals in this state has defined the meaning to be given to this provision in the Code. The plaintiff, that is Mr. Hangen, was entitled in the absence of any visible sign of danger, to assume that the road was free from obstruction unlawfully created by the defendant and to act upon that assumption as fully as when the facts assumed could be seen. Nothing in the Code requires him to assume the contrary. That element of the situation remains with all others by which his conduct is to be adjudged and becomes, I think, a part of the definition of the statutory phrase of the 'assured clear distance ahead'.

"Taking that rule you will consider all the evidence upon the speed at which the plaintiff was driving as he approached the point of the collision and then make your findings of fact as to whether or not he was or was not proceeding at a rate of speed greater than would enable him to stop within the assured clear distance ahead. If he was proceeding at a greater rate than would enable him to do so, he would be guilty of negligence upon that point. If he was keeping his car under such control and speed as would enable him to stop within the assured clear distance ahead as I have defined it to you, he then would not be negligent upon that ground."

This charge is amply supported by the opinion in Sidle v Baker, 52 Oh Ap, 89. The third syllabus is as follows:

"A user of the highways may assume, unless and until he has knowledge to the con-

trary, that other users of the highways will use them in a lawful manner, and, until he has such knowledge, he is entitled to govern his action in accordance with that assumption."

Of all the assured clear distance ahead cases we have examined this is one most nearly approaching the case at bar. It is a "hill" case. Few of the other cases involved hills. The Court says on page 93:

"As this plaintiff approached the brow of the hill he owed to the defendant no duty to discover from that position the presence of the defendant's automobile, parked out of sight on the other side of the summit of the hill. He was not required to see what could not be seen by looking.

"Nor in the absence of any visible sign of danger, did he owe to the defendant any duty to assume that the defendant would be unlawfully parked on the highway directly in his patch. On the contrary he had under such circumstances, a right to assume that all other users of the highway would use it in a lawful manner and that if it became necessary they would stop in a lawful manner and park in a manner prescribed by law."

We have read this case with care and find it interesting and instructive and we believe that it correctly states the governing law and supports the charge as given by the Court. This Court, in the case of Hess v Kroger Grocery & Baking Company, 17 Abs 225, had occasion to consider this statute and in doing so reviewed the then extant cases touching the same question. This case supports the charge of the court.

It is necessary, however, that we ascertain the position of the Supreme Court in its more recent pronouncments.

The first case is Skinner v The Pennsylvania Ry. Co., 127 Oh St, 69. In this case is held that the "language of §12603 * * * is a specific requirement of law, a violation of which constitutes negligence per se." A recovery was sought for damages resulting from a collision between an automobile and a freight train crossing a highway. The court, through Judge Weygandt, states:

"It is the opinion of this court that the new language of this section is plain and unambiguous."

And the Court holds that the driving of an automobile through the rain, mist and fog at a speed of approximately 40 miles per hour was negligence as a matter of law

and proximately caused the collision, and the plaintiff was held guilty of contributory negligence preventing a recovery.

In the case of Gumley v Cowman, 129 Oh St 36, the case of Skinner v Railway Co. was approved and followed and the court holds the requirement establishes a subjective test whereby a driver is prohibited from operating a vehicle at a rate greater than will permit him to bring it to a stop within the distance "at which he can see a discernable object obstructing his path." In this case the driver on a foggy and rainy morning, while it was still dark, while proceeding at thirty to thirty-five miles an hour, suddenly discerned the rear of the defendant's truck, five or ten feet ahead and under such circumstances that it was impossible for Gumley (the driver) to stop and a collision resulted causing injury to one and death to another of the occupants of the car. At the conclusion of plaintiff's evidence the court granted the defendant's motion for directed verdict which action was affirmed by the Court of Appeals and the Supreme Court. The court states in announcing the opinion, through Weygandt, CJ., that on the question of contributory negligence the lower courts held the plaintiff's evidence was susceptible of no other reasonable interpretation than that the decedent was a factor in the collision by violating the provisions of §12603, and that such violation was the proximate cause of the collision and injury. The court points out the matters in which the case parallels that of Skinner v Railroad Company, supra, and states that the question of proximate cause requires an answer too obvious to justify discussion.

The court in answering the contention of the plaintiff that the view of the court gives the statute an interpretation under which there could never be a recovery by a driver of an automobile that collides with an object in its path; in other words, the single fact that an automobile collides with anything ahead of it would be considered as evidence of negligence upon the part of the driver, stated:

"This court entertains no such view as to the intention of the Legislature in enacting this amendment. * * * The Legislature did not intend to require drivers to do the impossible. Conditions of this sort may still occur despite the exercise of due care. * * * And under proper circumstances the questions of proximate cause and negligence on the part of such driver must be submitted to the jury * * * that the present legislative requirement establishes a

subjective test whereby a driver is prohibited from operating any motor vehicle * * * at a speed greater than will permit him to bring it to a stop within the distance at which he can see a discernable object obstructing his path."

In the case of **Kormos v Credit Men's Company, 131 Oh St, 471,** it is held that motor cars, whether driven or parked, and whether mud spattered or covered with an accumulation of dirt are substantial, discernable objects within the purview of the section and that it is the duty of a driver to equip their vehicles with sufficient headlights to show such object ahead of them at a distance of at east 200 feet and that,

"operator who has failed to comply with the 'assured clear distance' statute may excuse such failure and avoid legal imputation of negligence per se by establishing that without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible."

The Court holds that under the circumstances of that case the driver had been guilty of contributory negligence and that the court should have sustained the defendant's motion for directed verdict. There is reference made to legal excuses the principles of which are discussed.

The next case, **Higbee Co. v Lindmann, 131 Oh St, 479,** holds that a driver coming into collision with the rear of a stopped truck which she had followed for a few hundred feet was in manifest violation of §12603 in the operation of her automobile and that upon the showing in that case a verdict should have been directed against her.

We gather from these decisions of the Supreme Court that one of the important questions is whether the object in the pathway of the driver is discernable and also whether the driver who has failed to comply with the "assured clear distance" statute may excuse such failure and avoid the imputation of negligence per se by establishing that without his fault and because of circumstances over which he had no con-control, compliance with the law was rendered impossible. As we have already said, we are of the opinion that the plaintiff in this case was not negligent in proceeding up the hill at such a speed as the jury might not find to constitute negligence under the speed statute, and that in so doing he had a right to anticipate that any driver approaching from the opposite side

of the hill would observe the law and not obstruct his passage. Were it otherwise a driver ascending a hill which obstructed his view would be guilty of contributory negligence if when he arrived at such a point as to give him a vision he found the roadway obstructed by an illegally driven car which could not be avoided and caused a collision. Such a rule would be intolerable. It is more intolerable when we consider that where two cars are approaching from opposite directions at equal speed, the assured clear distance will be covered in half the time that would be consumed if one car was approaching a static object and in less than half the time if the two cars were going in the same direction, the front car, however, going at a slower speed than the following car.

We feel that the case of **Kormos v Credit Men's Co. and Higbee v Lindemann, supra,** impose a burden under the "assured clear distance ahead" statute beyond which we do not feel at liberty to go under the conditions of the present case.

### PROXIMATE CAUSE.

The question remains as to what was the proximate cause of the accident. Was it the fact that the defendant's car was on the wrong side of the road or was it the fact that the plaintiff improperly applied his brakes causing his car to skid after he had discovered the defendant's car? The statement made by the plaintiff which the jury had a right to believe is found on page 59 and is in substance that when he arrived at the top of the hill he saw the defendant's car about 250 feet away and about two feet from the south side of the road upon which he was traveling eastward, and that thereupon he pulled his right wheels off the tarvia and applied the brakes.

"Q. What happened to your car when you applied your brakes?
A. It threw it sideways. I skidded into him.
Q. About how far would you say that you skidded? A. Around 30 feet."

It is a disputed question as to the position of the two cars in reference to the center line of the road when the impact occurred. We feel that under the conditions disclosed the fact that the plaintiff's car after the application of the brakes may have skidded to the left into the defendant's oncoming car did not make the plaintiff per se guilty of contributory negligence. This

was a question for the determination of the jury.

The principle announced in Pennsylvania R. R. Co. v Snyder, 55 Oh St, 342, is still the the law of Ohio, and seems to be applicable to this situation:

"When a person without his fault is placed in a situation of danger he is not to be held to exercise the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said that as a matter of law he is guilty of contributory negligence because he failed to make the most judicious choice between hazards presented or would have escaped injury if he had chosen differently."

Upon suddenly discovering defendant's car obstructing his passage he was obliged to act quickly to avoid a collision. Most careful drivers would have done as he did, apply the brakes. He might possibly have escaped the collision had he turned to his right further than he testifies he did and gone into the ditch on the right, but he was not obliged to do this. He might possibly have applied the brakes more gently and avoided the skidding, but it may not be said that as a matter of law he was guilty of contributory negligence in so applying the brakes that the car skidded to his left.

We are of the opinion that it was within the province of the jury to determine that the proximate cause of the collision was the position of the defendant's car on the right of way of the plaintiff. There was no negligence per se either in approaching the brow of the hill at the speed at which he was operating the car nor in applying the brakes as he did. The whole situation was before the jury. The court properly charged both as to speed, right of way, proximate cause and contributory negligence, and we are not disposed to disturb the ruling of the court below in overruling the motions for directed verdict and for new trial.

This case has been very vigorously contested and while we have not answered each argument presented by counsel for defendant, yet we have given them all our attention and are able to discover no prejudicial error.

BARNES, PJ, and HORNBECK, J, concurring.