**SAVE-WAY INC., Plaintiff-Appellant, v. NEW YORK CENTRAL RAILROAD, Defendant-Appellee.**

Ohio Appeals, Sixth District, Lucas County.

Nos. 4587, 4602, 4607. Decided December 14, 1951.

Fuller, Harrington & Seney, Toledo, for plaintiff-appellant.

Doyle, Lewis & Warner, Toledo, for defendant-appellee.

(SKEEL, PJ, HURD, J, THOMPSON, J, of the 8th District sitting by designation in the 6th District.)

## OPINION

By THOMPSON, J:

Three cases are in this Court on questions of law as result of a judgment in favor of the plaintiff in the Common Pleas Court of Lucas County, in a negligence action brought by Save-Way Inc., against The New York Central Railroad Company.

On June 5, 1951, the Common Pleas Court entered judgment on a verdict of a jury in favor of plaintiff and against defendant in the sum of $18,510.66 and costs. On June 12, 1951, the defendant, railroad company, filed a motion for new trial. This motion was overruled by the trial court on June 29. The defendant thereupon filed a notice of appeal on July 17, and the case was docketed in this Court under Court of Appeals No. 4587. No bill of exceptions was filed by the defendant by August 8th which was the fortieth day after the overruling of the motion for new trial, and no further action of any kind in the case was taken by defendant, subsequent to the notice of appeal on July 17 until September 6th. On the latter date, defendant filed a motion in the Common Please Court to vacate the trial court's order of June 29, overruling defendant's motion for new trial, and requested an oral hearing on the motion.

On September 7, 1951, over plaintiff's objection, and after oral hearing, the trial court granted defendant's motion to vacate the order of June 29, 1951, which had overruled the motion for new trial and thereupon set that motion for new trial for rehearing at two o'clock in the afternoon of the same day. Subsequently, on the same date, the trial court again overruled the motion for new trial.

On September 24, defendant filed a notice of appeal from the trial court's order of September 7th, which had overruled the motion for new trial, and this appeal was docketed in this Court as Court of Appeals Case No. 4602. On September 26, plaintiff in turn filed a notice of appeal from the court order of September 7th which had granted defendant's motion to vacate the order of June 29, which appeal is docketed in this Court as Court of Appeals Case No. 4607.

On October 10, defendant's bill of exceptions was filed in the Common Pleas Court. On the same day, plaintiff, in Court of Appeals Case No. 4587, filed a motion to dismiss defendant's appeal on the ground that the latter had failed to file assignments of error, brief, and a bill of exceptions within the time required by Rule VII of the Court of Appeals. Also, on October 10th, in case No. 4602 in this Court, plaintiff moved to dismiss the appeal for the reason that no notice of appeal was filed in the trial court within the time limited by §12223-7 GC.

On October 26, defendant's bill of exceptions was filed in Court of Appeals case No. 4602, and on the same date plaintiff filed its bill of exceptions in case No. 4607.

On November 13, plaintiff filed a motion to strike the bill of exceptions in Case No. 4602 on the ground that the bill of exceptions had not been timely filed.

The foregoing recitation of facts will indicate that this Court, therefore, now has before it for decision, three motions and one case on its merits.

All of the pertinent facts sufficient for understanding of the grounds for decision of the motions have been recited but to make clear the precise question raised by the case pending for decision on the merits (Court of Appeals No. 4607) and the alleged error of the trial court, we should note certain additional facts contained in the Bill of Exceptions taken at the oral hearing before the trial judge on September 6, 1951, on defendant's motion to vacate the entry of June 29, and for rehearing of the motion for new trial. The motion to vacate filed on September 6, was not accompanied by affidavit and merely moved the Court for an order vacating the entry of June 29, and for an oral re-hearing "for reasons to be presented to the Court on hearing."

At the hearing on September 6, in support of its motion asking the trial court to vacate its entry of June 29, overruling the motion for a new trial, defendant offered the professional statement of its attorney concerning the reasons why a bill of exceptions had not been filed within the forty days period subsequent to June 29, and this statement was accepted by plaintiff's counsel. Under the circumstances, the facts disclosed in the professional statement constitute evidence. These facts show that the original request to have the trial court vacate its entry of June 29, overruling the motion for new trial, was to secure an extension of time for filing the bill of exceptions.

Defendant's counsel in his professional statement to the trial court, prefaced his remarks with the explanation that,

due to circumstances over which he had no control, it had not been possible to file a bill of exceptions within the period limited under §11564 GC.

Counsel for defendant then referred to various matters he was handling subsequent to June 29, and admitted working at his law office daily from June 29 to July 26. He stated that he worked eight nights and apparently also every day during that period, on three or four separate pending cases, although suffering considerable physical discomfiture. Rest and medical treatment had been prescribed by a physician and counsel was out of his office for three days after July 26. He was again in his office attending to law business on July 30, and left for Canada at 3:00 o'clock that afternoon to take a rest urged by his physician. He was back at his office on August 9. He admitted working at his office August 15 and 16th and the morning of August 17th. He was then away for a few days but was back at his office on August 23, and was there each day from August 27 through August 31.

The foregoing abbreviated statement concerning the time spent at his law office on legal work does not cover counsel's reference to the court reporter. As to the latter, there was a purported conversation suggesting that the court reporter was at some time intending to take a vacation, but there is no statement that he went on a vacation or was ill or that he was in any way responsible for failing to prepare the bill of exceptions.

Defendant's counsel concluded his professional statement with the plea that on the basis of circumstances beyond his control, his health and other matters which he did not believe could be possibly construed as wilful neglect or base negligence on his part, the Court ought to vacate the ruling theretofore made.

Despite a reference to the court reporter, the record shows that defense counsel in argument before the trial judge frankly declared that his own inattention and indisposition was the primary reason for failure to file a bill of exceptions. He further frankly conceded that the sole purpose of asking the trial court to vacate the entry of June 29, overruling the motion for new trial and of having the order re-entered on September 7, 1951, was to extend the time for filing the bill of exceptions. The situation involved was one naturally arousing the sympathy of the trial court, and of this Court, for Courts are reluctant to see a case finally disposed of on a basis other than the merits.

The question for our decision, however, is the extent of discretion vested in the trial court under the statutes of this

State, which provide for the time within which a bill of exceptions shall be filed and an appeal perfected. **Sec. 11564 GC**, with reference to the time for filing a bill of exceptions, declares:

"When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the objection is to the decision of the court on a motion to direct non-suit, or to arrest the evidence from the jury, or for a new trial for misdirection to the jury, or because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence or on the admission or rejection of evidence, the party excepting must reduce his objections to writing and file them in the cause, not later than forty (40) days after the overruling of the motion for new trial, or the decision of the court, when the motion for new trial is not filed * * *."

Examination of the foregoing language fails to reveal any opportunity for the exercise of discretion by the trial court in interpretation of the statute, either in the interest of substantial justice or otherwise. There is no provision giving the court the right, for good cause shown, or due to unavoidable accident, or to prevent a miscarriage of justice, to extend the forty day period for filing the bill of exceptions. Employment of the word "must" in the statute, in connection with the provision for filing the bill of exceptions within forty days, evidences the mandatory character of the requirement. That the time mentioned is mandatory has been held in numerous Ohio cases. **Pace v. Volk, 85 Oh St 413; Amicon v. City Railway Co., 86 Oh Ap 186; Brainard v. F. H. L. Corp., 55 Oh Ap 127.**

The only question then remaining is whether the trial court is elsewhere vested with such authority over its own orders that it may vacate them as or when it sees fit, in such fashion as to be able to accomplish indirectly what it cannot do directly. To declare that although a bill of exceptions must be filed within forty days after the entry of a judgment or order but to find at the same time that a court may vacate its judgments or orders at will, and re-enter them again at a later date to accommodate counsel who have not filed a bill of exceptions within the period prescribed, would be to permit a court to do by indirection what it has no authority directly to accomplish.

In the instant case, the attempted vacation of its previous order by the Common Pleas Court was during term, a period as to which a court recognizedly has greater authority than with respect to judgments and orders sought to be vacated

after term. As to the latter, §11631 GC is controlling. In the case of vacation of judgments and orders during term, the authority of the common pleas court is limited by common law principles. To the effect that it has not been regulated by statute, see **Martinka v. Cleveland Railway Co., 133 Oh St 359.**

A discussion of the authority of the common pleas court over its judgments and orders during the term of their rendition is found in 23 O. Jur., "Judgments" **Section 959, pg. 1117** and **Section 1121, pg. 1216.** The latter section, discussing the power of the common pleas court to vacate or modify its judgments during term, declares:

"It is a general rule that courts of record or of general jurisdiction, such as the courts of common pleas, possess the inherent power of controlling their own judgments, and of correcting, modifying, or vacating such judgments during the term at which they were rendered. This is an inherent power, which in no way is regulated or abridged by statute in Ohio."

Although the common pleas court has common law authority to vacate or modify its judgments and orders during term, the law in Ohio recognizes that such court may not vacate an order overruling a motion for new trial, and re-enter the same at a subsequent date, for the sole purpose of extending the time provided by law for the filing of a bill of exceptions and that to do so constitutes an abuse of discretion. On this subject, see 2 O. Jur., "Appeal and Error" **Section 387, pg. 441** as follows:

"A Common Pleas Court may not vacate an order overruling a motion for new trial and re-enter the same ruling as to such motion at a subsequent date, for the sole purpose of extending the time provided by law for the filing of a bill of exceptions in an appeal of the cause on questions of law, even though such entries are made within the same term of court, and to do so constitutes an abuse of discretion. A purported bill of exceptions filed under such procedure but more than forty days from the date of the first order is not filed within time. Also, where a motion for new trial is overruled and a formal judgment on the verdict duly entered, and without any attempt during that term of the court to change or expunge from its record or journal the formal judgment so entered, the trial court later puts on another entry overruling the motion for a new trial and entering formal judgment in practically the same language as the previous entry, a bill of exceptions not filed within the statutory period after the first entry overruling the motion, although within such period

after the second entry, is not filed within the statutory time and will be stricken on motion. The power of the court over its entries, judgments, and decrees does not encompass the right to extend or change statutory procedural rules. Such action re-entering an order to assist in the perfection of an appeal beyond the time prescribed by law would constitute judicial legislation and cannot be sustained. If a court has no power to extend such time directly, it cannot do it indirectly by changing the date of its overruling of a motion for new trial for that sole purpose."

That the Ohio law follows the law generally on this point, see ■ American Jurisprudence, "Appeal and Error" Section 418, as follows:

"Extension of Time.—The trial court has no inherent power to extend the time for taking an appeal or error proceeding, either directly or indirectly. Thus, where an appeal has not been taken within the required time, the court has no power indirectly to extend the time for appealing by vacating, for such purpose, the judgment, order, or decree, and entering it as of a later date, by a repetition or renewal of an order or judgment, a nunc pro tunc order, an amendment of judgment, notice of appeal, or assignment of errors, a resettle order, a writ of error, or a motion for reargument."

See also exhaustive notes on the inability of a trial court indirectly to extend the time for appeal in 89 A. L. R. 941 and 149 A. L. R. 740 and cases cited.

Among the cases cited in 2 O. Jur., Sec. 387, pg. 441 in support of the foregoing proposition, is **Schnitzler v. Lake Shore Coach Co., 69 Oh Ap 265** (8th Dist. 1942). In that case a common pleas court forty-two days after judgment, and during the same term, granted a motion to vacate its own order overruling a motion for new trial and thereafter re-entered the same order, it having been admitted by the moving party that the motion to vacate was filed due to the inadvertence of attorneys for plaintiff in failing to file a bill of exceptions. On appeal on questions of law to the Court of Appeals, that court found that the trial court had committed an abuse of discretion. In the opinion by Judge Skeel, it was declared:

"There can be no question that the sole purpose of the plaintiff's motion requesting the vacating and re-entering as of a later date the entry of July 18th overruling plaintiff's motion for a new trial, was to extend the time for filing the bill of exceptions beyond the forty days allowed by §11564 GC * * *. Ohio recognizes to the full extent of the common law rule the power of a court over its judgment during term. * * * But the power of the court over its entries, judgments and decrees, does not encompass the right to extend or change

statutory procedural rules. Such an act constitutes judicial legislation and cannot be sustained. In the instant case, the plaintiff, for reasons not explained in the record, except that by her motion of August 29th she alleged that it was 'overlooked' did not file her bill of exceptions within the forty days, as provided by §11564 GC. If the court, in the sound exercise of its discretion, when considering the facts and circumstances of the case, after the motion for new trial had been overruled and after more than forty days had passed from the date of overruling such motion but yet within term, should find that justice had not been done, the entry could have been vacated, the motion granted and the case ordered re-tried. But it is quite a different matter to attempt to assist in the perfection of an appeal beyond the time prescribed by law. If the court has no power to extend such time, directly, it cannot do it indirectly by changing the date of overruling the motion for new trial for that sole purpose."

For other cases indicating that the action of the trial court in vacating an order overruling a motion for new trial, for the sole purpose of extending the time for filing a bill of exceptions, constitutes an abuse of discretion, see: **Friedman v. Brown, 35 Oh Ap 450** (Court of Appeals 1st Dist. 1930) (Motion to certify overruled 4/3/30); **Sullivan v. Cloud, 62 Oh Ap 462** (Court of Appeals 1st Dist. 1939); **Cleveland Provision Co. v. Murphy, 17 Abs 392** (Court of Appeals, 7th Dist. 1934).

Counsel for defendant have argued that the recent decision of the Supreme Court of Ohio in **Tims v. Holland Furnace Co., 152 Oh St 469**, supports the view that a trial court, during term, may vacate its order overruling a motion for new trial, for the sole purpose of extending the time for filing a bill of exceptions, and that that case is controlling of the case before us. We have, therefore, re-examined the Tims case with care to ascertain whether the views of the Ohio Supreme Court are indeed contrary to the cases we have cited, including the Schnitzler case. We find no conflict between them.

The Tims case sets forth the law as understood by this Court and lends added support to the reasoning in the Schnitzler case. In the Tims case, there was a failure to file the bill of exceptions within forty days after the original order overruling the motion for new trial, the failure being due to the illness of the court reporter and not due to inadvertence of litigants or counsel.

The plaintiff Tims recovered a verdict against the Holland Furnace Company. A motion for new trial was overruled and on November 23, 1948, a judgment was rendered for the plaintiff. Subsequently on Dec. 3, 1948, counsel for defendant

advised the court that the court reporter who took the testimony in the case was ill and would be unable to prepare a transcript of the record within the statutory period for filing the same in the Court of Appeals, and that, unless such time could be extended, there would be no practicable way of having the bill of exceptions prepared and filed. The trial judge thereupon advised counsel that, since he had control over his orders during term, he would vacate the entry of November 23 and that such entry would again be made as soon as the court reporter had recovered from his illness and was able to prepare the transcript. Accordingly, the order of November 23rd was vacated on December 3rd, and the same order was re-entered on December 23, 1948. Notice of appeal on questions of law to the Court of Appeals was thereafter filed by the defendant on Jan. 8, 1949. Plaintiff then filed a motion in the Court of Appeals to dismiss the appeal on the ground that it was not filed in time, the notice of appeal having been filed on January 8, 1949, within twenty days of the December 23rd judgment entry, but not within twenty days of the November 23rd judgment entry which the plaintiff contended was the final judgment date. The Court of Appeals granted the motion to dismiss. Motion to certify was filed in the Supreme Court of Ohio. That Court reversed the judgment of the Court of Appeals. The first and second paragraphs of the syllabus of the case by the Supreme Court declare as follows:

"1. To permit the preparation and timely filing of a bill of exceptions by a litigant who is without fault, the Court of Common Pleas, for good cause shown, and in the exercise of sound discretion may vacate its judgment during the term in which it was rendered and before an appeal has been instituted, and, later, during the same term, may enter a new judgment, from the date of which latter judgment the period for perfecting an appeal will begin to run.

"2. Such procedure does not contravene §12223-7 GC, which provides that an appeal from the Court of Common Pleas to the Court of Appeals shall be perfected within twenty days after the filing of the journal entry of the judgment."

The differentiating features between the Tims case and the present case may be noted:

1. In the Tims case, the sole cause of the inability to have the bill of exceptions filed within forty days after the original order was because of the illness of the court reporter, the litigant himself, and his counsel being without fault, while in the present case, the extension of time for perfecting an appeal was sought by counsel to correct and aid his own inadvertence.

2. The illness of the court reporter in the Tims case, was called to the attention of the trial court before a notice of appeal was filed, and before the expiration of the forty day period within which the bill of exceptions was to be filed.

3. In the Tims case the vacation of the order complained of, that of overruling the motion for new trial, was for good cause shown, i. e., the illness of the court reporter, while in the instant case no good cause was shown and the sole reason for vacating the order was to re-enter the order as of a later date and thereby to extend the time for perfecting an appeal.

That the decision in the Tims case turned upon the features mentioned and that it is clearly to be differentiated from the present case, is seen in the following language from the opinion by Judge Zimmerman:

"Because of the **temporary disability** of the reporter who had recorded the evidence at the trial, it was impossible to have prepared and filed, within the period prescribed by statute, a bill of exceptions containing the evidence. Recognizing the dilemma in which the defendant found itself, the Court of Common Pleas, during the same term in which the judgment against the defendant had been rendered, vacated such judgment and later entered a new one to afford the defendant the review which, if possible, should be preserved to it. * * *

"In our view of the matter, then the Court of Common Pleas, in the exercise of a sound discretion, in the furtherance of justice and before the filing of an appeal, possessed the power to vacate its judgment during term, in order to permit the official reporter, temporarily incapacitated, to prepare a complete bill of exceptions, which was necessary to enable defendant to have the Court of Appeals pass on assigned errors; and such vacation of the judgment and the entry of a new one did not operate to extend the time for appeal in contravention of §12223-7 GC, which provides that an appeal from the Court of Common Pleas to the Court of Appeals shall be perfected within twenty days after the filing of the journal entry of the judgment.

"**We submit that a difference exists between arbitrarily re-entering a judgment for the sole purpose of extending the time for appeal and vacating a judgment for good cause, such as the one disclosed in the instant case, and entering judgment at a later time during the same term to save to a litigant, who is without fault, the privilege of appeal—a valuable and substantial remedy.**" (Emphasis of last quoted paragraph ours.)

We recognize that the statutory limitations requiring a notice of appeal to be filed within twenty days and a bill of exceptions within forty days after final judgment have frequently caused hardship to litigants and counsel. Throughout the entire field of law, both with respect to presentation of claims and commencement of actions and perfection of appeals, we find time limitations which have often tolled actions and caused severe hardships to litigants, and these same statutes are likely to continue to be vexatious in the future. Yet the hardship in application of a rule in a particular case cannot blind us to the wisdom or necessity of rules. Uncertainty, which the law aims to guard against, would inevitably prevail and there would be wide-spread confusion if a statutory time limit observed by the diligent were to be set aside in the interests of a few. Until Absolute Justice can be guaranteed, absolute rules in the form of time limitations governing appeals must be enforced if we are to approximate equal justice for all. To give to the trial judge the right to vacate judgments and final orders, for the sole purpose of permitting one of the litigants to perfect an appeal he had neglected to take during the statutory period, would open the door to grave abuse and ignorance of rights by courts and litigants and counsel, in a field which should be clear and understood by all.

No one would have means of knowing when litigation would be terminated or what might be their rights with respect to prosecution of appeals.

It should be stated that, at the time of hearing of the instant case this court also heard arguments in the case of **Norma Hebert v. New York Central Railroad Co.,** Court of Appeals No. 4608, in which questions similar to the questions herein were argued. We therefore refer to our opinion in that case for a further discussion of the law on the subject, in the opinion by Judge Hurd, rendered of even date herewith.

It is our decision in case No. 4607, on the merits, that the trial court abused its discretion in granting defendant's motion for an order vacating its previous order overruling a motion for new trial, and final judgment is entered in favor of plaintiff appellant.

With respect to plaintiff's motion to dismiss defendant's appeal in case No. 4587, the motion is granted for failure of defendant to file his bill of exceptions within the statutory period.

In case No. 4602, plaintiff's motion to dismiss defendant's appeal is granted on the ground that no notice of appeal was filed within the time provided by §12223-7 GC. Plaintiff's motion to strike the bill of exceptions in the same case is likewise granted.

Counsel may prepare a journal entry accordingly for submission to the Court. Exceptions noted.

SKEEL, PJ, HURD, J, concur.