Proceeding now to render the judgment which the trial court should have rendered, we reverse the judgment for the plaintiff and render final judgment for the defendant.

*Judgment reversed.*

KOVACHY, P. J., and SKEEL, J., concur.

GEORGE, APPELLEE, *v.* CITY OF COLUMBUS, APPELLANT.*

*Motion to certify record overruled, March 20, 1957.

196

(No. 5388—Decided December 3, 1956.)

*Mr. Jesse G. Dickinson* and *Mr. Edmund B. Paxton,* for appellee.

*Mr. Chalmers P. Wylie,* city attorney, and *Mr. John W. E. Bowen,* for appellant.

FESS, J. This is an appeal on questions of law from an order of the Common Pleas Court granting a new trial at the instance of the plaintiff, after a verdict of the jury for the defendant. Prior to the hearing of this appeal on the merits, a motion of plaintiff-appellee to dismiss the appeal as one not taken from a final order was overruled by Judges Miller and Hornbeck (Wiseman, J., not participating), upon authority of *Richards* v. *Industrial Commission,* 163 Ohio St., 439, 127 N. E. (2d), 402.

Plaintiff filed his action in the Common Pleas Court against the defendant, alleging that on September 10, 1952, in the afternoon he was driving his 1939 Chevrolet coupe in an easterly direction on Leonard Avenue between the intersection of Galloway and Eighteenth Street, and that the defendant was operating a truck at the same time and place in a westerly direction to the left of the center line of Leonard Avenue, resulting in a collision and consequent injury to the plaintiff. At the conclusion of the testimony, defendant's motion for a directed verdict was overruled. The jury returned a verdict for the defendant. As grounds for his motion for a new trial, plaintiff asserted that (1) the verdict is manifestly against the weight of the

evidence; (2) instructing the jury on contributory negligence; (3) giving a preargument special charge on burden of proof; (4) misconduct of a jury; (5) other errors, etc. The journal entry merely recites that the motion for new trial is sustained. No motion to require the court to state the grounds for granting the new trial was made.

It is to be noted that the notice of appeal is directed to the order granting a new trial and not to the order overruling defendant's motion for a directed verdict. Upon this appeal, defendant has not sought leave to amend its notice of appeal. Its only assignment of error is the sustaining of the motion for a new trial. In *Richards* v. *Industrial Commission, supra,* error was assigned to the order overruling the defendant's motion for a directed verdict, and the action of the Court of Appeals in refusing to permit the defendant to amend the notice of appeal so as to include the order overruling the motion for a directed verdict was reversed. Cf. *Gray* v. *Youngstown Municipal Ry. Co.,* 160 Ohio St., 511, 117 N. E. (2d), 27. It is apparent from the first paragraph of the syllabus in the *Richards case* that there emerged from the sequence of events culminating in the granting of a new trial ''a final appealable order, *i. e.,* the overruling of the defendant's motion or motions for a directed verdict.'' The *Richards case* neither overrules nor modifies the rule announced in *Hoffman* v. *Knollman,* 135 Ohio St., 170, 20 N. E. (2d), 221, and reiterated in *Green* v. *Acacia Mutual Life Ins. Co.,* 156 Ohio St., 1, 100 N. E. (2d), 211, that an order of a trial court setting aside a verdict and granting a new trial is not a final order reviewable by the Court of Appeals unless it clearly appears that the trial court has abused its discretion in granting such order. It has been held that a trial court abuses its discretion in arbitrarily vacating an order overruling a motion for new trial and re-entering the same order on a subsequent date for the sole purpose of extending the time for the filing of a bill of exceptions. *Save-Way, Inc.,* v. *New York Central Rd. Co.,* 92 Ohio App., 367, 105 N. E. (2d), 431; *Herbert* v. *New York Central Rd. Co.,* 92 Ohio App., 512, 105 N. E. (2d), 438. But, where a trial court under misconception of the law grants a new trial, it constitutes an error of law —not an abuse of discretion, unless the error be so flagrant as to

imply an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Steiner* v. *Custer,* 137 Ohio St., 448, 31 N. E. (2d), 855.

There being no abuse of discretion on the part of the trial court in granting the new trial, and the order from which the appeal is taken not being a final order, the appeal is dismissed and the cause is remanded to the Court of Common Pleas for further proceedings, costs to abide final judgment.

*Appeal dismissed.*

DEEDS and HUNSICKER, JJ., concur.

DEEDS and FESS, JJ., of the Sixth Appellate District, and HUNSICKER, J., of the Ninth Appellate District, sitting by designation in the Second Appellate District.