**KNEALE, Plaintiff-Appellant, v. LEONETTI, Defendant-Appellee.**

Ohio Appeals, Seventh District, Geauga County.

No. 317.   Decided May 13, 1959.

Spieth, Bell & McCurdy, Cleveland, for plaintiff-appellant.

Bulkley, Butler, Rini & Schweid, Cleveland, for defendant-appellee.

**OPINION**

By PHILLIPS, J.

Plaintiff sued defendant in the court of common pleas to recover damages for personal injuries sustained when her husband's automobile, which she was driving, and an automobile driven by defendant collided.

Defendant filed a cross-petition in that action to recover damages for personal injuries sustained in such collision.

Plaintiff's husband sued defendant to recover for damages to his automobile, his wife's medical expenses and for loss of her services.

By stipulation both cases were tried together.   The jury returned a verdict for defendant on plaintiff's petition and for plaintiff on defendant's cross-petition, case numbered 12945 on the docket of the court of common pleas, and for defendant on the petition of plaintiff's husband, case number 12998, on the docket of the court of common pleas.

The trial judge overruled plaintiff's motion for a new trial in case 12945 and sustained the motion for a new trial of plaintiff in case number 12998 and entered judgment accordingly, from which judgment entered against her plaintiff appealed to this court on questions of law.

On August 31, 1956, at about 7:10 a. m. plaintiff was driving her husband's Studebaker automobile in an easterly direction along the south side of Battles Road, west of County Line Road.   Defendant was driving her Ford automobile in a westerly direction.   The two cars collided, almost head on, on Battles Road, the paved portion of which was only sixteen feet wide.

Did the collision between the two cars occur on the north side of Battles Road, as claimed by defendant, or did the collision occur on the south side of Battles Road, as claimed by plaintiff, or in the middle of the road?

Plaintiff claims defendant negligently turned her Ford automobile to the left across the center line of Battles Road on the south side where she collided with plaintiff's car.

On these claims the evidence is decidedly conflicting and contradictory.

By assigned grounds of error plaintiff claims:—

"1. There was no substantial evidence in support of the verdict of the jury and the judgment thereon in favor of defendant-appellee is contrary to law.

"2. The verdict of the jury was manifestly against the weight of the evidence.

"3. The trial court erred in rejecting competent material evidence offered by plaintiff-appellant.

"4. The trial court erred in its charge to the jury.

"5. The trial court erred in overruling plaintiff-appellant's motion for a new trial."

On redirect examination of Police Lieutenant Fred Fenohr the following occurred:—

"Q. You just said that it indicated that the collision didn't take place in the ditch where the cars rested but back on the road, I ask you on which part of the road?

"Mr. Pedley: That, of course, he didn't see.

"A. I wasn't there to see that, I couldn't tell you that unless you mean on which part of the road it would still be on the south side of the road.

"Q. Precisely—

"Mr. Pedley: That is what I object to and ask that statement go out as not responsive plus the fact that it is a conclusion.

"Court: That would be your conclusion based on the fact you found debris shaken from a car on a certain spot of the road?

"Mr. Fenohr: That's right.

"Court:—and the position of the cars when you came there?

"Mr. Fenohr: The position I took the pictures in, Your Honor.

"Mr. Pedley: That is the contested point, that is what we object to. All we were doing was getting at the facts.

"Court: Objection sustained and strike from the record.

"Mr. Bell: I would like to qualify the Lieutenant as an expert so that at least he can give his opinion about it.

"'* * *

"Q. Have you had occasion to make observations of conditions of cars after an accident and from road marks, tire marks, from dirt left on the road in these other accidents you have seen over this 11 years?

"A. Oh, yes, I have made studies of it.

"Q. Have you made studies as to the causes of accidents and the positions of cars when the collision occurred?

"A. Yes.

"Q. Are you able from your experience as a police officer over the 11 years in which you have seen on an average of 65 collisions a year, investigated them, are you able to express an opinion to this jury in this case as to which part of this road, Battles Road, the actual collision of the cars occurred?"

Thereupon counsel for defendant objected and counsel for plaintiff proffered the following answer "to the record alone":—

"If the witness were permitted to testify, from the tire marks that he had observed and damages to the cars in their positions, that the actual collision occurred on the part of the road near the south boundary of the road."

Counsel for plaintiff argues that since the vital evidentiary point in this case is whether the collision occurred on the north side of the road or on the south side of the road the jury was clearly entitled to have the opinion of a disinterested traffic policeman. Plaintiff claims the court's ruling was prejudicial to plaintiff and directly contrary to 21 O. Jur. (2nd), Section 472, Page 484, where it is said:—

"Testimony by a police officer as to the length and density of skid marks from the tires of a motor vehicle and his conclusion as to the speed of such automobile based upon the skid marks is admissible in evidence where the officer gave evidence of his qualification as an expert."

No error prejudicial to plaintiff intervened in the respects urged in the ground of error under consideration.

Viewing the evidence in its entirety and without further detailed reference thereto the evidence points to the fact stated by defendant's counsel by brief that "plaintiff set in motion the chain of events that hurt her."

In the case of **Hangen v. Hadfield, 28 Abs 596**, at **page 601**, it is said:—

"The question remains as to what was the proximate cause of the accident. Was it the fact that the defendant's car was on the wrong side of the road or was it the fact that the plaintiff improperly applied his brakes causing his car to skid after he had discovered the defendant's car? The statement made by the plaintiff which the jury had a right to believe is found on page 59 and is in substance that when he arrived at the top of the hill he saw the defendant's car about 250 feet away and about two feet from the south side of the road upon which he was travelling eastward, and that thereupon he pulled his right wheels off the tarvia and applied the brakes. * * *

"It is a disputed question as to the position of the two cars in reference to the center line of the road when the impact occurred. We feel that under the conditions disclosed the fact that the plaintiff's car after the application of the brakes may have skidded to the left into the defendant's oncoming car did not make the plaintiff per se guilty of contributory negligence. This was a question for the determination of the jury.

"The principle announced in **Pennsylvania R. R. Co. v. Snyder, 55 Oh St 342**, is still the law of Ohio, and seems to be applicable to this situation."

Hangen v. Hadfield, 28 Abs 596, was affirmed in **135 Oh St 281.**

See also **Macaluso Fruit Co. v. Commercial Motor Freight, Inc., 41 Abs 97** at pages 103, 104. Also see **Carson v. Advance Transportation Co. of Illinois, 23 Abs 163,** third paragraph of the syllabus, where it is said:—

"A witness who visited the scene of a collision an hour and a half after it occurred, may testify as to what he saw and observed as to tracks and skidmarks, but he cannot testify as to which car made them, or where the place of impact was, not having seen the accident, and where each driver claims that the other car came across the road and collided with him, the allowance of such testimony is erroneous."

Plaintiff complains that there was no justification for the trial judge charging the jury on the care to be exercised in an emergency. The propriety of the charge is supported by **Hangen v. Hadfield, 28 Abs 596.**

The record submitted to us supports the charge to the jury on the question of plaintiff's contributory negligence.

Finding no error prejudicial to the plaintiff in any of the respects urged in her assigned grounds of error the judgment of the trial court is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.