DAVIS, APPELLEE, *v.* NAJM, APPELLANT.

(No. 223—Decided June 3, 1963.)

*Mr. Harry B. Reese* and *Mr. Joseph A. Oths,* for appellant.
*Messrs. DeLay & DeLay,* for appellee.

COLLIER, P. J.  This action was instituted in the Common Pleas Court of Jackson County by J. Hobart Davis, as plaintiff, to recover for personal injuries sustained by him in an automobile collision.  The collision occurred on December 7, 1959, on State Route 124 in Jackson County, between an automobile owned and operated by the defendant, Elias J. Najm, and a truck being driven by Kahle Vance, in which the plaintiff was a passenger.  The parties will be referred to as the plaintiff and defendant in the same relation they appeared in the Common Pleas Court.

In the trial of the case the defendant moved for a directed verdict at the close of plaintiff's case and also at the close of all the evidence, and each motion was overruled.  The jury returned a verdict for the defendant, and plaintiff's motion for a new trial was sustained.  This appeal on questions of law by the defendant followed.  The assignments of error are:

1. The court erred in overruling the motion of appellant made at the close of the evidence of the appellee to direct the jury to return a verdict for this appellant.

2. The court erred in overruling the motion of appellant made at the close of all the evidence offered on the trial below to direct the jury to return a verdict for the appellant.

3. The court erred in granting to the appellee a new trial after the jury had returned a verdict for the defendant and was guilty of an abuse of discretion therein.

The defendant relies upon the case of *Richards* v. *Industrial Commission,* 163 Ohio St., 439, as authority to support his right to appeal from the judgment of the Common Pleas Court. This case holds, in the first paragraph of the syllabus:

"Where in the course of a trial the defendant appropriately moves for a directed verdict, which motion or motions are overruled, a verdict is returned for the defendant, and plaintiff's motion for a new trial is sustained, there emerges from such sequence of events a final appealable order, *i. e.*, the overruling of the defendant's motion or motions for a directed verdict."

It will be observed that the appealable order is not the order granting a new trial but the order overruling defendant's motions for a directed verdict. (See next to last paragraph of opinion, p. 450.) So, the first question to be determined is whether the court erred in overruling defendant's motions for a directed verdict.

The accident occurred about 10 p. m. on a curve when the surface of the roadway was covered with ice and snow. The truck in which the plaintiff was riding was traveling in a westerly direction and the defendant was approaching from the opposite direction. It is conceded that the evidence is conflicting as to whether the center line was obscured by ice and snow and also as to the exact location on the highway of the point of impact of the two vehicles. The plaintiff claims that the truck in which he was a passenger was at all times in its proper lane of traffic and the defendant contends the truck was over the center line, on defendant's side of the road, which caused him to apply his brakes and skid on the icy surface and that mere skidding of an automobile does not prove negligence.

The general rule is that when the issues must be determined from conflicting evidence or where the evidence gives rise to conflicting inferences, a motion for a directed verdict must be denied. 52 Ohio Jurisprudence (2d), 634, Section 126; *Matz, Admr.,* v. *The J. L. Curtis Cartage Co.,* 132 Ohio St., 271. The law is well established in Ohio that the mere skidding of an automobile is not, alone and unexplained, evidence of negligence. 6 Ohio Jurisprudence (2d), 462; and *Kohn, Admx.,* v. *B. F. Goodrich Co.,* 139 Ohio St., 141; *Satterthwaite* v. *Morgan,* 141 Ohio St., 447. But evidence of skidding with other circumstances attendant thereto may present a question for the jury to determine whether the skidding into a collision was unavoidable or due to a lack of ordinary care in the operation of the automobile. *Elfers* v. *Bright,* 108 Ohio App., 495; *Kaczmarek* v.

*Murphy*, 78 Ohio App., 449; *Hangen, a Minor,* v. *Hadfield,* 61 Ohio App., 93.

Plaintiff, in his petition alleges, "that the defendant lost control of his automobile causing it to swerve or skid across the center line into the north or westbound lane of the highway, directly into the path of and colliding with the truck in which the plaintiff was riding."

Plaintiff's evidence tends to show that the collision occurred in the westbound lane of trafic. In considering these motions for a directed verdict the court was required to assume, for the purpose of the motions, the admission of all the facts which the evidence tended to prove, and, also construe the evidence most strongly in favor of the plaintiff. Such motion presents purely a question of law and must be determined on uncontroverted facts and undisputed evidence. 52 Ohio Jurisprudence (2d), 615, Section 120. The test is whether, on the undisputed facts, reasonable minds might reach different conclusions on the issues of fact. *Hamden Lodge* v. *Ohio Fuel Gas Co.,* 127 Ohio St., 469, and *Botto* v. *Fischesser,* 174 Ohio St., 322. The undisputed fact, for the purpose of the motions, that the defendant crossed the center line and collided with the truck in which the plaintiff was riding, and the other attendant circumstances, presented questions of defendant's liability and the proximate cause of plaintiff's injuries for determination by the jury. The trial court correctly overruled the motions for a directed verdict. *Parks* v. *Taylor,* 18 Ohio Law Abs., 681 and *Satterthwaite* v. *Morgan, supra.*

The next question is: Does the record disclose legal grounds for granting to plaintiff a new trial? The journal entry granting a new trial simply recites that the judgment is not sustained by sufficient evidence and is contrary to law, and we do not have the benefit of the court's decision on the motion for a new trial. But we understand from the briefs that the court's conclusion was that the evidence was not sufficient to establish an emergency, and, therefore, the court erred in instructing the jury in respect thereto, both in giving two special charges and the general charge. Also, that the court concluded there was error in the general charge to the jury in omitting to instruct the jury that the burden of proof was upon the defendant to establish an excuse for operating his automobile on the wrong side of the

highway. The defendant's version of the situation immediately prior to the collision is shown by his testimony as follows:

"Q. Now leading up to the second or two before the impact of the two cars, Mr. Najm, will you describe what you did with your car—I mean the way you were operating your car? A. Well, when I left Michael's I taken 124—75 lots of traffic.

"Q. I said just seconds before the cars collided? A. I seen him in the center of the road and put my foot on the brake—I could do nothing that night—snowy road.

"Q. You skidded? A. I skidded—because I see him in the middle of the road; I can do nothing about it.

"Q. You could see a collision was going to occur? A. Right in the road in front of me.

"Q. Could you see the cars were going to hit when you were skidding? A. I can't remember that, I can't remember. I see him right in the center of the road that night.

"Q. You don't remember now you knew the cars were going to hit when you started to skid? A. No, I can't remember.

"Q. At that time, maybe just five seconds or so before the accident, how fast were you going? A. Between twenty—twenty-five—twenty, you know, at the curve."

In the case of *Miller* v. *McAllister*, 169 Ohio St., 487, it is held in the sixth paragraph of the syllabus:

"In a negligence action, the so-called 'emergency doctrine' applies only where there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation and does not comprehend a static condition which lasted over a period of time."

In *Brunner* v. *McGlothin*, 66 Ohio Law Abs., 477, the term, "emergency," is defined as follows:

"An emergency arises when there is a sudden or unexpected occurrence or combination of occurrences which demand prompt action."

Under these definitions the defendant's testimony above quoted clearly establishes the existence of an emergency. Just seconds before the collision, while driving his automobile at night on a curve on an icy, snowy, slippery highway, defendant was suddenly confronted with an approaching vehicle traveling in the center of the road toward him. It was certainly a situation of sudden, unexpected and eminent danger requiring im-

mediate action without time for reflection or deliberation. The court correctly instructed the jury both in its general charge and special charges on the degree of care required of the defendant if it was found that he was confronted with an emergency not caused by his own fault.

In regard to the claim that the defendant was operating his automobile on the wrong side of the road at the time of the collision, the court charged the jury as follows:

"We must start with the proposition that all motor vehicles have a mandatory obligation to travel upon the right side of the highway and, upon doing so, may assume that others on the road will do likewise. In addition to this, our Revised Code 4511.25 creates a positive prohibition against crossing the center line of a highway with certain exceptions that do not apply in this case. Anyone violating this statute is guilty of negligence as a matter of law."

A long line of cases, beginning with *Kormos* v. *Cleveland Retail Credit Men's Co.*, 131 Ohio St., 471, holds that a driver who has failed to comply with the provision of a statute defining a specific requirement may excuse such failure and avoid the legal imputation of negligence per se by establishing that, without his fault, and because of circumstances over which he had no control, compliance with such law was rendered impossible. Was the court's failure to include a reference to this law such error as to entitle the plaintiff to a new trial? We may also ask for whose benefit was this rule adopted, and, how could the plaintiff be prejudiced?

It will be observed that the purpose of the rule is to give the party violating the statute an opportunity to establish an excuse for such violation and thus avoid the imputation of negligence. The court's instructions in the instant case simply read, "Anyone violating this statute is guilty of negligence as a matter of law," with no further comment or explanation of the defendant's right to excuse his failure to comply with this statute. We do not see how the plaintiff could be prejudiced, but the defendant was entitled to a more complete charge on the subject. The rule permitting the establishment of such excuse applies to the benefit of the defendant in the instant case, and the defendant is the only party with any right to ask for a more complete charge in respect thereto.

In our opinion, neither the court's charge on the emergency doctrine nor the court's failure to explain to the jury that the defendant had the right to establish an excuse for his alleged failure to comply with the statute (Section 4511.25, Revised Code), constituted error prejudicial to the plaintiff; and neither of these supposed errors constituted a legal ground for granting a new trial.

The final question is: Did the trial court abuse its discretion in granting to plaintiff a new trial, as contended by the defendant in his third assignment of error? More specifically stated, was the trial court's action in granting to plaintiff a new trial upon a misconception of the law an abuse of discretion? The courts of Ohio have held repeatedly, despite attempts by the Legislature to impress with finality an order granting a new trial, that such an order is not a judgment or final order; and that, unless it clearly appears from the record that the trial court abused its discretion in so doing, an order of a trial court setting aside a general verdict and granting a new trial is not a reviewable judgment. 2 Ohio Jurisprudence (2d), 635, Section 61; *Hoffman* v. *Knowlman,* 135 Ohio St., 170; *Steiner* v. *Custer,* 137 Ohio St., 448; *Green* v. *Acacia Mutl. Life Ins. Co.,* 156 Ohio St., 1; *Klever* v. *Reid Bros. Express, Inc.,* 154 Ohio St., 491; *State, ex rel. Blasco,* v. *McGinnis,* 167 Ohio St., 532; *Poske* v. *Mergl,* 169 Ohio St., 70. These same authorities also explicitly hold that the meaning of the term, "abuse of discretion," in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.

In the case of *George* v. *City of Columbus,* 104 Ohio App., 195, it was held:

"1. The granting of a motion for a new trial by the trial court under a misconception of the law, constitutes an error of law, and not an abuse of discretion, unless the error be so flagrant as to imply an unreasonable, arbitrary or unconscionable attitude on the part of the court."

And in *Grosser* v. *Armet Alloys, Inc.,* 70 Ohio Law Abs., 161, to the same effect, it is stated:

"8. Where a trial court believed that it had erroneously charged the jury on the legal effect of an ordinance involved in

an action and granted a new trial for that reason, nevertheless, whether right or wrong in applying such ordinance to the factual setting, the trial court was exercising a discretion, and did not commit an abuse of discretion, though it may have committed an error at law.''

The Courts of Appeals in each of these cases followed the rule announced in *Klever* v. *Reid Bros. Express, Inc.*, 154 Ohio St., 491, in which, in a similar situation, the trial court granted a new trial under the impression that prejudicial error had been committed in the court's charge to the jury. Judge Zimmerman, on page 495 of the opinion said:

''* * * Assuming, for the purposes of this discussion, that the trial judge was wrong in his conclusion, it would seem plain that he was chargeable with no more than an error of law or of judgment. * * *''

It is true that some authorities hold that a trial court, in granting a new trial, must proceed upon legal principles in its action, and the discretion which vests in the court to grant a new trial must be exercised in finding the existence of legal grounds upon which to take such action. See 39 American Jurisprudence, 52, and 40 Ohio Jurisprudence (2d), 489, Section 6. However, the rule seems to be established in Ohio that the granting of a new trial under a misconception of the law does not amount to an abuse of discretion and, under the rule of *stare decisis*, we are compelled to follow the precedents established by the authorities above cited. Therefore, the judgment granting the plaintiff a new trial must be affirmed.

*Judgment affirmed.*

Brown and Carlisle, JJ., concur.